EMMA M. RICHARDSON, RESPONDENT, v. STATE BOARD OF CONTROL OF INSTITUTIONS AND AGENCIES, APPELLANT.

Argued November 27, 1923—Decided March 3, 1924.

On appeal from the Supreme Court, whose opinion is reported in 98 N. J. L. 690.

For the appellant, *Grover C. Richman,* second assistant attorney-general.

For the respondent, *Lewis Starr.*

PER CURIAM.

The defendant was tried before the judge of the Court of Quarter Sessions of the county of Camden upon a complaint filed with the said judge, charging Emma Richardson, who was the executive officer of the Mary J. Ball Home and Day Nursery, with cruelly ill-treating and abusing one Arthur Reed, an inmate of the home, by striking him with her clenched fist on the back of his neck, at the base of the brain, not less than four times, and by beating him repeatedly with not less than twelve strokes of a whip, known as a cat-o'-nine-tails, on various parts of his body, namely, on his back and buttocks and across one of his eyes, contrary to paragraph B, section 1 of "An act concerning the welfare of children," approved April 8th, 1915, its supplements and amendments. The trial resulted in her conviction and a fine of $100 was imposed upon her. A *certiorari* was thereupon allowed her, removing that conviction and sentence to the Supreme Court for review. The hearing on the return of the writ resulted in the entry of a judgment reversing that conviction. The validity of the reversal is now challenged by the appellant.

It is quite apparent from the above recital that the charge made against Mrs. Richardson before the judge of

the Quarter Sessions was that of an assault and battery committed upon an infant under her care, and that the assault was of a peculiarly vicious character. Whether the statute appealed to by the appellant in its complaint filed with the judge of the Court of Quarter Sessions was intended to include and provide for the punishment of such an offense as is charged therein is a question which it is not now necessary for us to determine. Assuming, for the purpose of deciding the present appeal, that the statute has this scope, it is clearly unconstitutional to that extent. An assault and battery, no matter under what circumstances it may have been committed, is a crime indictable at common law, punishable by fine or imprisonment or both. Whether a person who has committed a crime indictable at common law can be tried, convicted and punished in this state in a summary proceeding is not an open question. It was considered and decided in the case of *State* v. *Anderson*, 40 *N. J. L.* 224, 227, adversely to the contention of the present appellant, and the soundness of that decision has never been challenged in any subsequent judicial pronouncement. The statement of Chief Justice Beasley, delivering the opinion of the court, may well be repeated here. It is as follows: "It is clear that if this offense can, for the purpose of crimination, trial and punishment, be put into the hands of these municipal authorities, it follows that all common law offenses of the same grade can be, in like manner, so deposited. This, I think, cannot be conceded. Such an arrangement would, in a very plain way, infringe an important provision of the constitution of this state. Article 1, section 9 of that instrument declares that 'no person shall be held to answer for a criminal offense, unless on the presentment or indictment of a grand jury, except in cases of impeachment, or in cases cognizable by justices of the peace,' &c. The purpose of this clause was to prevent the bringing of any citizen under the reproach of being arraigned for crime before the public, unless, by a previous examination taken in private, the grand inquest had certified that there existed some solid ground for making the charge. * * * The reputation of

every man was thus put under the care of a single specified body. The language of the constitutional clause is very comprehensive, and the specified exceptions show conclusively that it was intended to cover the residue of the entire field of criminal accusation. In the presence of such a prohibition how then is it permissible to put a man on trial before a city court, charged with this common law offense, without the preliminary sanction of a grand jury? If it be said the punishment is only a fine, the answer is, the restraining clause in question has nothing to do with the result or effect of the trial, its object being to save from the shame of being brought before the bar of a criminal court, except in the authorized method after an antecedent inquisition." The logic of this declaration is irresistible, and it demonstrates that in the proceeding now under review the prosecution of Mrs. Richardson before Judge Kates, based only on a complaint of the appellant, was a conspicuous violation of her constitutional rights. This being so, we do not hesitate to say that the judgment of the Supreme Court reversing the conviction had against her was entirely justified.

The judgment under review will be affirmed.

*For affirmance*—THE CHANCELLOR, CHIEF JUSTICE, TRENCHARD, PARKER, MINTURN. CAMPBELL, HEPPENHEIMER, VAN BUSKIRK, CLARK, JJ.   9.

*For reversal*—None.