HUDSON COUNTY CIRCUIT COURT.

THOMAS A. MANNION, JR., an infant, by next friend,
plaintiff,

*v.*

THOMAS A. MANNION, defendant.

*Mr. Frank G. Turner,* for the plaintiff.

*Mr. Edward A. Markley,* for the defendant.

**Negligence—Unemancipated Minor Cannot Sue By Next Friend, During Minority, For Injury Caused By Parents' Negligence.**

ACKERSON, J.

This motion is to strike out the complaint in the above-entitled cause—first, upon the ground that the suit is brought by a minor child by a next friend, and that neither the complaint nor the records in the county clerk's office disclose that the alleged next friend was ever appointed by an order of this court, and secondly, upon the ground that the suit is brought by an unemancipated minor son against his father to recover damages resulting from the alleged negligence of the father.

At the argument of the motion I understood that the first ground of objection was waived, upon the understanding that if the defendant did not prevail upon his motion to strike out the complaint, that an order would be obtained properly appointing the next friend to prosecute the suit, and if I am wrong about this, counsel for the defendant may apply upon notice for a ruling upon this question.

Taking up then the second objection raised, we are confronted with the situation that there are two counts in the complaint, in the first of which no reference is made to the

relationship of the parties and for all that appears from this count, the plaintiff may be a stranger to the defendant. The second count, however, sets forth specifically that the infant plaintiff is the son of the defendant, and, therefore, the second objection above mentioned, although not raised by the pleading in the first count, nevertheless, is squarely raised by the pleading in the second count.

There is no controlling case in New Jersey, but the cases elsewhere are almost unanimous that no suit can be maintained by an unemancipated minor son against his father for an injury resulting from his negligence. *29 Cyc. 1663; Small v. Morrison (Supreme Court of North Carolina), 118 S. E. Rep. 12; Smith v. Smith (Appellate Court of Indiana, January 16, 1924). 142 N. E. Rep. 128; Foley v. Foley (cited 1925), 61 Ill. App. 577; McKelvey v. McKelvey, 111 Tenn. 388; 77 S. W. Rep. 664.*

Counsel for the plaintiff cited the cases of *Treschman v. Treschman, 28 Ind. App. Ct. 206; 61 N. E. Rep. 961,* and *Clasen v. Pruhs, 69 Neb. 278; 95 N. W. Rep. 640,* in support of the proposition that a minor may sue his parent, in tort, for negligence.

An examination of the first case above cited by the plaintiff shows that it is clearly distinguishable, for in that case the defendant, who was the step-mother of the plaintiff, did not stand in the position of *loco parentis,* and this distinction is enforceably brought out in the case of *Smith v. Smith, supra,* where the court, in discussing the case of *Treschman v. Treschman, supra,* says:

"True, the opinion in that case contains a discussion, which appears to indicate that a minor child, under certain extreme circumstances, might maintain an action against its parent for damages arising from the infliction of personal injuries, *but so much of the opinion as appears to so hold is purely obiter dictum,* as no such question was involved in that action."

The second case cited by counsel for the plaintiff, *Clason v. Pruhs, supra,* does not seem to have considered fully the question here raised for solution, for the case seems to have

been decided upon the authority of criminal cases, and the decision seems to have turned upon the question of whether the plaintiff was subjected to inhuman and brutal treatment in excess of the authority properly reposed in the defendant during the time the defendant stood in *loco parentis* to the child.

In any event, the great weight of authority unquestionably sustains the proposition that a minor child cannot sue one of his parents, at least, during minority, for the negligent act of such parent from which the child suffers injury to his person.

This rule is undoubtedly founded upon a sound public policy, and is based upon the interest that society has in preserving harmony in the domestic relations, an interest which has been manifested since the earliest organization of civil government, an interest inspired by the universally recognized fact that the maintenance of harmonious and proper family relations is conductive to good citizenship, and, therefore, works to the welfare of the state.

This leads, therefore, to the conclusion that the second count of the complaint must be stricken out as not stating a legal cause of action, and the same ruling would hold as to the first count, if it appeared therefrom that the relationship of the parties was that of parent and child, but inasmuch as this fact does not appear from the allegations of the first count, that will be allowed to stand, but if the fact appears at the trial, as it undoubtedly must, that the plaintiff is a minor son of the defendant, and was unemancipated and living in the household of defendant at the time of the negligent act complained of, a nonsuit would undoubtedly be granted.

The second count will be therefore stricken out and the first count allowed to stand and an order may be presented, drawn in accordance with this conclusion.

HENRY E. ACKERSON,<br>
*Judge.*