HOWARD EVERINGHAM, PROSECUTOR, v. CITY OF MILL-
VILLE, DEFENDANT.

W. FREDERICK STECKLE, PROSECUTOR, v. CITY OF MILL-
VILLE, DEFENDANT.

RALPH EAGAN, PROSECUTOR, v. CITY OF MILLVILLE,
DEFENDANT.

Decided March 4, 1925.

Crimes — Municipal Ordinances — Public Nuisances — Sale of
Liquor in Violation of a Municipal Ordinance to Abate
Nuisances—Public Nuisances are Indictable Offences, and
Persons Guilty Cannot be Tried Except Upon Indictment—
A Mayor's Court is Without Jurisdiction Notwithstanding the
Ordinance.

On *certiorari*.

Before Justices KALISCH, BLACK and CAMPBELL.

For the prosecutors, *Henry O. Burt.*

For the defendant, *Louis H. Miller.*

PER CURIAM.

The three cases involve the same legal proposition and
were argued together. The complaints upon which the
prosecutors were convicted are couched in the same language
so that the quoting of the contents of one will properly
present the legal question, involved in all. The complaint
reads: That on the first day of January, 1924, and at divers
other times from thence hitherto, at the city of Millville,
Cumberland county, New Jersey, one Howard Everingham,
of Millville, did commit a nuisance in the city of Millville
by violating the provisions of subdivision A of section 1 of

ordinance No. 234 of said city, to wit: The said Howard Everingham did violate said subdivision A of said ordinance by selling to Ben Locke, Maggie Clevenger, Howard Van Hock, Ed. Bartlett, Louis Craig, Thos. Miller, Bill Lloyd, W. Facemeyer, Daniel Kerns and others, at divers times from the first day of January, 1924, to this date, divers quantities of spirituous, vinous, malt or brewed liquors, where the sales were not authorized by law, said liquors having the same intendment and meaning as declared and defined in *Pamph. L.* 1922, *ch.* 255, of the State of New Jersey, contrary to the provisions of subdivision A, section 1 of ordinance No. 234 of the city of Millville, which said section makes a nuisance, and thereby unlawful, the habitual sale of spirituous, vinous, malt or brewed liquors, except where the sales shall have been authorized by law. "

The ordinance alleged to have been violated is entitled: "An ordinance to declare and prevent, and summarily to abate, certain nuisances caused by the sale of spirituous, vinous, malt and brewed liquor, and by drunkenness and by habitual disorderly conduct that disturbs the peace and quiet of the neighborhood.

The ordinance then proceeds to declare that the commission of any of the following acts contained in the various subdivisions of the ordinance is a nuisance.

For the prosecutor it is contended, and his counsel argues, in his brief, that under the complaint and ordinances the prosecutor is charged with an indictable criminal offense, and brought to trial without the presentment or indictment of a grand jury and trial by jury in violation of article 1, section 9 of the constitution of the State of New Jersey, and that therefore the conviction of the prosecutor should be set aside.

We are of the opinion that the facts set out in the complaint charged the prosecutor with an indictable offense, and, hence, was not within the jurisdiction of the mayor's court to try and determine.

A public nuisance is an indictable offense. The habitual unlawful sales of liquor constitutes the place where it is sold a nuisance.

In *State v. Anderson*, 40 *N. J. L.* 224, Chief Justice Beasley said: "A statute authorizing the prosecution of the offense of keeping a disorderly house by a city court, without an indictment found by a grand jury, is illegal on constitutional grounds." See *Meyer v. State*, 41 *N. J. L.* 6; *affirmed* (*Court of Errors and Appeals*), 42 *Id.* 157, 158.

In *Atlantic City v. Annie Rollins*, 76 *N. J. L.* 254, Mr. Justice Garrison, in speaking for the Supreme Court (at *p.* 255), says: "The complaint was that the prosecutrix kept a disorderly house. It is said that the conviction is authorized by city ordinance and that such ordinance is authorized by "An act relating to, regulating and providing for the government of cities." *Pamph. L.* 1902, *p.* 284. "If the statute or any other statute purports to authorize the prosecution and conviction of the offense of keeping a disorderly house otherwise than upon indictment by the grand jury, such statute is invalid upon constitutional grounds. This is established in this court by the case of *State v. Anderson*, 11 *Vr.* 224."

Mr. Justice Trenchard, in speaking for the Court of Errors and Appeals, in *State v. Rodgers*, 91 *N. J. L.* 212 (at *pp.* 214, 215), says: "We think it is quite clear that the thing prohibited in the supplement of 1913, namely, the driving of an automobile or other vehicle upon a public street while under the influence of intoxicating liquor, is not a public or common nuisance indictable at common law. The essential elements of the statutory offense are—(1) driving an automobile or vehicle; (2) upon a public street; (3) while under the influence of intoxicating liquors."

"The essential elements of a public or common nuisance are quite different. A public or common nuisance is any act or neglect, the product of which works an annoyance or injury to the entire community, or the product itself is termed a nuisance." 1 *Bish. Crim. L.*, § 1072.

The facts set out in the complaint, in the present case, in express terms, charges the prosecutor with the commission of acts constituting a public nuisance.

We cannot distinguish the legal principle governing the ordinance and the facts of the present case from the principle declared in *Hedden* v. *Hand,* 90 *N. J. Eq.* 583, by the Court of Errors and Appeals, in construing a statute entitled: "An act declaring all buildings and places wherein or upon which acts of lewdness, assignation or prostitution or the habitual sale of intoxicating liquor in violation of law are permitted or occur to be nuisances, and providing for the abatement thereof by the Court of Chancery, and where the court held that not only was the act unconstitutional because it attempted to give the Court of Chancery authority to abate certain public nuisances, of a character specified in the act, which are criminal offences, but, also, because, in effect, it was holding a person for a criminal offense without the presentment or indictment of a grand jury."

The title of the ordinance under consideration reads: "An ordinance to declare and prevent and summarily to abate certain nuisances caused by the sale of spirituous, vinous, malt and brewed liquor," &c.

The legal situation, presented by the complaint and facts, in *Richardson* v. *State Board, &c.,* 98 *N. J. L.* 690, is analagous to the situation in the case *sub judice.* In the case cited, complaint was made against the accused for the violation of the provisions of "An act concerning the welfare of children" (*Pamph. L., p.* 441), in the Quarter Sessions, and the case was tried by the court in a summary proceeding, as directed by the statute. The complaint set forth acts which constituted assault and battery, and the prosecutrix having been convicted, upon an appeal to the Supreme Court, the conviction was set aside upon the ground that as the offense was one indictable at common law, the offender was only punishable after an indictment, trial and conviction by a jury.

On appeal to the Court of Errors and Appeals, that court, in affirming the Supreme Court, said: "Assuming that for the purpose of deciding the present appeal that the statute has this scope, it is clearly unconstitutional to that extent. An assault and battery, no matter under what circumstances

it may have been committed, is crime indictable at common law, punishable by fine and imprisonment or both. Whether a person who has committed a crime indictable at common law can be tried, convicted and punished in this state, in a summary proceeding, is not an open question. It was considered and decided in the case of *State* v. *Anderson,* 40 *N. J. L.* 224, 227, adversely to the contention of the present appellant, and the soundness of that decision has never been challenged in any subsequent judicial pronouncement." 123 *Atl. Rep.* 720, 721.

What is attempted to be accomplished by the ordinance in question is not only to subject an accused to be tried in a summary proceeding for the commission of a common law offense, in a city court, in express violation of constitutional provision, as has been sufficiently pointed out, but, also, upon conviction of an offender to abate the nuisance, a power which is only lodged in our criminal courts, proceeding in the course of the common law.

The conviction in each case is set aside, with costs.