Lyman H. Smith, J.
Does the recent decision of the Court of Appeals (Holodook v Spencer, 36 NY2d 35), precluding tort claims against parents of a non sui juris child for alleged negligent supervision, immunize the child’s grandparents from such claims when they are exercising temporary custody and control of the infant?
This court answers the question in the negative. The rationale of Holodook will not apply, with equal force, to protect grandparents from claims of inadequate supervision of their grandchildren. Third-party defendants’ motion to dismiss the second amended third-party complaint for failure to state a cause of action (CPLR 3211, subd [a], par 7) is hereby denied. The salient facts which prompt the foregoing determination appear as follows:
The infant plaintiff, while spending the afternoon of July 1, 1973 with his maternal grandparents at the home of his aunt and uncle, was seriously injured when bitten by the aunt and uncle’s dog. Action has been brought by the infant’s mother, both on his behalf and in her own right, against the aunt and uncle for their purported negligence in permitting the dog, allegedly known to be vicious (the animal having bitten another child on a former occasion), to run at large and unmuzzled.
The child’s aunt and uncle now bring a third-party action against the child’s maternal grandparents seeking Dole-Dow contribution.[1] They allege that the grandparents negligently supervised the infant in that they failed to warn him of the potential dangers presented by the dog’s vicious nature and failed to keep the child from the dog (which, concededly, was chained) by either confining or restraining the infant, or by placing some barrier between him and the animal. It is this third-party complaint which the defendant grandparents ask this court to dismiss on the basis of the Holodook decision.
The issue, framed as it is, poses a novel query: Is there a cause of. action in tort for the negligent supervision of an *1004 unemancipated infant by a child’s grandparents, when such supervision results from a temporary custodial obligation rather than from an in loco parentis relationship?
As above indicated, under the circumstances here, the grandparents urge this court to extend the rationale of Holodook. They do not suggest that grandparents may never be held liable for injuries sustained by a grandchild arising from other variant types of nonwillful negligence. Such a broad assertion would, of course, be without merit. (See 59 NY Jur, Torts, § 34; also, see, Spaulding v Mineah, 239 App Div 460, affd 264 NY 589.)[2] But, they do contend that, when charged with supervisory responsibility of and custody of the infant, albeit temporarily, they must stand in loco parentis to their grandchild — free, as the child’s parents, from legal censure.
In passing, it must be noted, that Holodook was narrowly confined to claims of alleged negligent supervision and was restricted, in its application, only to parents of an infant child. Thus, the clear issue presented here is whether the grandparents of an infant can similarly avail themselves of the parental immunity enunciated in Holodook, especially when charged with identical negligence, i.e., lack of supervision.
The answer to this issue prompts a hard look at Dole v Dow, wherein we find the well-spring of contribution among joint tort-feasors and, similarly, the seeds of comparative negligence that have bloomed (Sept. 1, 1975) under CPLR article 14-A. Both Dole v Dow and article 10 must be viewed in the light of the concern expressed by the Court of Appeals in Holodook; that family harmony be not jeopardized with the advent of new actions brought on behalf of infants against their parents.
In Holodook, the Court of Appeals consolidated and upheld the decision of two appellate departments,[3] and cited with approval the leading opinion of a third appellate department,[4] finding that there has never existed, in our State, a cause of action in tort against parents of an unemancipated child for negligent supervision. Thus, the court held that no Dole-Dow *1005 contribution may be recovered in third-party actions against the alleged supervisory failure of parents.
Emphasizing its main concern to be "the potential impact of Dole apportionment and contribution upon the fundamental family relation between parent and child” (Holodook, supra, p 45; emphasis supplied), the Court of Appeals stated several policy considerations which prompted its refusal to create a cause of action for negligent parental supervision. However, none of these policy considerations is supportive of the present proposal to extend Holodook to the grandparents of the infant child herein.
Of prime concern to the Holodook court was the possibility of family strife and discord, should a child sue his parents.
If the parents were uninsured, the court feared that the parents would be reluctant to seek recovery for an injured child while, at the same time, risking a third-party claim against themselves. Thus, in cases where the parents might ultimately be found to be. liable (and without insurance), the child’s interests would suffer, since "The reality of the family is that * * * it is a single economic unit and recovery by a third party against the parent ultimately diminishes the value of the child’s recovery” (p 47; emphasis supplied).
However, in the instant case, this court is compelled to conclude that any potential reluctance which the parents might exhibit in prosecuting the child’s claim against his uninsured grandparents (if such be the case) must, on balance, be risked in view of the superseding right of third-party plaintiff to Dole v Dow contribution. Any prospective failure to litigate here must yield to the community’s right to impose a standard (reasonable man) applicable to grandparents in the governance and proper conduct to be exercised in temporarily supervising grandchildren.
Traditionally, the reasonable man standard has not been enforced against parents in matters involving supervision for the significant reason, inter alia, that judicial interference in the broad spectrum of parental supervision, obligations and responsibilities surrounding the rearing of children is patently ill-advised. Parental guidance is best left to parents. As Mr. Justice Greenblott stated for the Appellate Division, Third Department (Holodook v Spencer, 43 AD2d 129, 135): "The duty to supervise a child in his daily activities has as its objective the fostering of physical, emotional and intellectual development, and is one whose enforcement can depend only *1006 on love. Each child is different, as is each parent; as to the former, some are to be pampered while some thrive on independence; as to the latter, some trust in their children to use care, others are very cautious. Considering the different economic, educational, cultural, ethnic and religious backgrounds which must prevail, there are so many combinations and permutations of parent-child relationships that may result that the search for a standard would necessarily be in vain— and properly so. Supervision is uniquely a matter for the exercise of judgment. For this reason parents have always had the right to determine how much independence, supervision and control a child should have, and to best judge the character and extent of development of their child.”
Daily parental responsibility to shape and develop an infant’s physical, emotional and intellectual growth can hardly be extended, with equal force, to grandparents who take the child for a day, and the fact of genealogical lineage will not serve to temporarily cast such parental responsibilities upon grandparents. Nor will the ever-widening ties of blood, however strong, absolve grandparents, other forebears, or collateral relatives, from their ordinary duty to exercise that degree of reasonable care of a child which our society imposes upon grandparents, aunts, uncles, or for that matter, upon any person. This duty of care resting upon the grandparents equates with that of the school teacher, camp director, babysitter or neighbor — each of whom must equally be held accountable for unreasonable and negligent acts, including the lack of proper supervision.
Finally, it does not follow that the Holodook court’s concern, that estranged parents might abuse their right to sue the other (ostensibly for the other’s negligent supervision over the child), will present a like concern when we contemplate the supervisory responsibilities of grandparents. Obviously, it will not.
As the infant child may seek to hold his grandparents liable for their negligent supervision over him, so, other defendants may seek Dole-Dow contribution.
Accordingly, the grandparents’ motion to dismiss the third-party complaint is hereby denied.

. Dole v Dow Chem. Co. (30 NY2d 143). See, also, Kelly v Long Is. Light. Co. (31 NY2d 25).

. With the demise of intrafamily immunity (Gelbman v Gelbman, 23 NY2d 434), such a position would be untenable.

. The Appellate Division, Third Department, in Holodook v Spencer (43 AD2d 129) and Graney v Graney (43 AD2d 207); and the Appellate Division, Fourth Department, in Ryan v Fahey (43 AD2d 429).

. The Appellate Division, Second Department, in Lastowski v Norge Coin-O-Matic (44 AD2d 127).