163 N.J. Super. 411 (1978)
394 A.2d 1250
WILLIAM C. CONVERY, AN INFANT BY HIS GUARDIAN AD LITEM, JEROME CONVERY, PLAINTIFF,
v.
RICHARD MACZKA AND LOUISE MACZKA AND JUDITH CONVERY, DEFENDANTS.
Superior Court of New Jersey, Law Division.
Decided October 30, 1978.
*413 Mr. Bernard H. Shihar for plaintiff (Messrs. Gussis & Shihar, attorneys).
Mr. Richard D. Millet for defendants Maczka (Messrs. Hampson & Millet, attorneys).
Mr. John J. Shannon for defendant Judith Convery (Messrs. Purcell, Ries & Shannon, attorneys).
FURMAN, J.S.C.
On defendant Judith Convery's motion for summary judgment what survives of a tort defense of parent-child immunity is at issue. Her motion is based upon the pleadings, depositions and answers to interrogatories.
William Convery brought this action alleging negligence both of his mother and of codefendant Mrs. Maczka in failing to supervise him. Codefendants Maczka cross-claimed for contribution. The undisputed facts are as follows. His mother brought William, then five years old, on a visit to the Maczkas. While the adults stayed in the kitchen William joined three other children, including one of the Maczkas, in the basement. In discovery neither Mrs. Convery nor Mrs. Maczka testified to any instruction or warning to William. After about 15 minutes of unsupervised play in the basement William jumped from a chair and sustained a fracture of his left arm.
The doctrine of parent-child tort immunity was adopted in a published opinion of the highest court of this State for the first time in Reingold v. Reingold, 115 N.J.L. 532 (E. & A. 1935),[1] which relied upon Hewlett v. George, 68 *414 Miss. 703, 9 So. 885 (Sup. Ct. 1891). Upheld by a 4-3 vote in Hastings v. Hastings, 33 N.J. 247 (1960), an automobile negligence action, the doctrine was abrogated in such actions only in France v. A.P.A. Transport Corp., 56 N.J. 500 (1970). Subsequently parent-child immunity was rejected as a bar in a wrongful death action for murder or gross negligence in Small v. Rockfeld, 66 N.J. 231 (1974), in an action under the strict liability dog bite statute, N.J.S.A. 4:19-16, in Dower v. Goldstein, 143 N.J. Super. 418 (App. Div. 1976), and in an action for negligence in the operation of a power lawnmower in Gross v. Scars, Roebuck & Company, 158 N.J. Super. 442 (App. Div. 1978). The apprehension of family disharmony or financial loss, which was the rationale for parent-child immunity, is viewed as unrealistic in this era of widespread insurance. France, 56 N.J. at 505.
In France Justice Proctor states in dictum (at 507): "We realize that there may be areas involving the exercise of parental authority and care over a child which should not be justiciable in a court of law." Justice Jacobs refers to that dictum favorably in Small, 66 N.J. at 244, again as dictum.
Also in Small Justice Jacobs (at 243) quotes from Goller v. White, 20 Wis.2d 402, 122 N.W.2d 193 (Sup. Ct. 1963), limiting parental tort immunity to circumstances:
(1) Where the alleged negligent act involves an exercise of parental authority over the child; and (2) Where the alleged negligent act involves an exercise of ordinary parental discretion with respect to the provision of food, clothing, housing, medical and dental services, and other care.
The Goller exceptions to the abrogation of parental tort immunity were approved, again as dictum, in Gross. That opinion recommends that the trial judge should determine as a threshold question whether parental tort immunity applies in accordance with the Goller exceptions.
A further analysis is as follows. Parental tort immunity is abrogated wherever a right of action would *415 lie absent the parent-child relationship, e.g. for automobile negligence or for negligence of an owner or occupier of land in failing to remedy or warn against a dangerous condition. But the abrogation of parental tort immunity does not initiate any previously unrecognized right of action in favor of a child against his parent. See Holodook v. Spencer, 36 N.Y.2d 35, 364 N.Y.S.2d 859, 866, 324 N.E.2d 338, 312 (Ct. App. 1974).
Although the doctrine of parent-child tort immunity was adopted relatively recently in this State, there is no previous published opinion in New Jersey recognizing a right of action in tort by an unemancipated child against his parent. By common law a parent had, and he continues generally to have, the right to chastise his child physically but without excessive force (Prosser, Torts (4 ed. 1971), § 27 at 136, 137; see Richardson v. State Board, etc., 98 N.J.L. 690, 694 (Sup. Ct. 1923), aff'd 99 N.J.L. 516 (E. & A. 1924)) and to exercise broad authority and discretion in his raising (Pierce v. Society of Sisters, 268 U.S. 510, 45 S.Ct. 571, 69 L.Ed. 1070 (1924); In re Goldfarb, 6 N.J. Super. 543, 548 (Ch. Div. 1949)).
In abrogating parental tort immunity generally but acknowledging the Goller exceptions the Supreme Court and Appellate Division recognized that a parent is exempt from tort liability, as a matter of substantive law, for his exercise of discipline and other authority and his provision of necessaries. Greenspan v. Slate, 12 N.J. 426 (1953); Conwell v. Conwell, 3 N.J. 266 (1949); Prosser, Torts (4 ed. 1971), § 122 at 867. The exceptions should be strictly limited to parental responsibilities and functions the performance or nonperformance of which is not actionable in tort.
The complaint herein pleads negligence in supervision against both defendants. But the facts appear not to fit within the established cause of action in tort based upon a breach of the duty to supervise a child by a parent or other person in loco parentis. That cause of action will lie in *416 favor of third parties (including other children under supervision) when the child had use of or access to a dangerous instrumentality without adequate supervision or was not controlled or curbed despite the defendant's knowledge of a propensity to dangerous conduct. Jackson v. Hankinson, 94 N.J. Super. 505 (App. Div. 1967), aff'd 51 N.J. 230 (1968); Mazzilli v. Selger, 13 N.J. 296, 302 (1953); Stoelting v. Hauck, 56 N.J. Super. 386, 401 (App. Div. 1959), rev'd on other grounds 32 N.J. 87 (1960); Doktor v. Greenberg, 58 N.J. Super. 155 (App. Div. 1959), certif. den. 31 N.J. 548 (1960); 2 Restatement, Torts 2d, § 316 at 123, 124 (1965). Nothing before the court on this motion suggests that plaintiff has factual proofs of a propensity in himself, known to his mother, to jump off chairs or to engage in similar dangerous conduct.
Nevertheless, plaintiff has alleged and may present factual proofs in support of a broader cause of action against his mother, paralleling his cause of action against his hostess, co-defendant Maczka, that is, that each had a duty arising out of her relationship to him to exercise reasonable care for his protection against unreasonable risk of injury and that each failed in that duty by not warning him against or otherwise preventing an accident to him during dangerous play. That cause of action, like the cause of action defined in Mazzilli and Stoelting, does not arise exclusively out of the parent-child relationship but is actionable within the limits of reasonable foreseeability against others with a special relationship to the child. Titus v. Lindberg, 49 N.J. 66 (1967) (liability of school principal); Brown v. Knight, 362 Mass. 350, 285 N.E. 2d 790 (Sup. Jud. Ct. 1972) (liability of summer school proprietor); Broome v. Horton, 83 Misc.2d 1002, 372 N.Y.S. 2d 909 (Sup. Ct. 1975) (liability of grandparents); Roche v. St. John's Riverside Hospital, 96 Misc. 289, 160 N.Y.S. 401 (Sup. Ct. 1916), aff'd without opinion 176 App. Div. 885, 161 N.Y.S. 1143 (App. Div. 1916) (liability of hospital that undertook care *417 of four-month-old infant during medical treatment of mother); Annotation, "Tort Liability of Public Schools and Institutions of Higher Learning for Injuries Resulting from Lack or Insufficiency of Supervision," 38 A.L.R.3d 830 (1971); 2 Restatement, Torts 2d, § 324 at 139 (1965).
In view of the abrogation of parental tort immunity generally, plaintiff's complaint should not be barred because of his parent-child relationship. Neither the exercise of parental authority nor the adequacy of parental provision of necessaries, within the Goller exceptions, is the gravamen of the complaint.
The duty of defendant Judith Convery was that of a reasonable parent or other person with a special relationship imposing a duty towards a child. She may be found liable for failure to exercise reasonable care, precaution and vigilance for plaintiff's protection against unreasonable risk of injury, taking into consideration all the circumstances, including plaintiff's age, training, experience and judgment, the likelihood of his recognizing the risk of injury to himself and its obviousness or reasonable foreseeability to his mother.
In Fritz v. Anderson, 148 N.J. Super. 68 (Law Div. 1977), the trial court relied upon parental tort immunity in barring a child's action against his parent. The child fell into an excavation on adjoining property, an accident which, presumably, a jury may have found within reasonable foreseeability to his parent. That holding is in apparent conflict with the holding herein.
Defendant Judith Convery's motion for summary judgment is denied.
NOTES
[1] The earliest New Jersey opinion applying the doctrine was Mannion v. Mannion, 3 N.J. Misc. 68, 129 A. 431 (Cir. Ct. 1925).