■ ADOLPH E., an Infant, by SUSAN E., His Parent and Natural Guardian, et al., Respondents, v LORI M., Appellant. —Order unanimously affirmed without costs. Memorandum: Defendant's motion to dismiss the complaint for failure to state a cause of action (CPLR 3211 [a] [7]) was properly denied because the complaint states a valid cause of action for negligence. When a person, other than a parent, undertakes to control, care for, or supervise an infant, such person is required to use reasonable care to protect the infant over whom he or she has assumed temporary custody or control, and such person may be liable for any injury sustained by the infant

which was proximately caused by such person's negligence *(see, Zalak v Carroll,* 15 NY2d 753, 754; *Broome v Horton,* 53 AD2d 1030, *affg* 83 Misc 2d 1002; *Barrera v General Elec. Co.,* 84 Misc 2d 901). Here, the complaint alleged that defendant, who was entrusted with the temporary care and supervision of the infant plaintiff, negligently supervised and controlled the infant, and that, as a result, he sustained physical and psychological injuries.

Similarly, we affirm Supreme Court's denial of defendant's motion for summary judgment. Under the circumstances of this case, whether defendant, then 12 years of age, was negligent presents issues of fact which cannot be resolved on a motion for summary judgment *(see, Neumann v Shlansky,* 58 Misc 2d 128, 131, *affd* 63 Misc 2d 587, *affd* 36 AD2d 540). (Appeal from order of Supreme Court, Onondaga County, Lowery, Jr., J.—summary judgment.) Present—Callahan, J. P., Denman, Boomer, Lawton and Davis, JJ.