[868 NE2d 187, 836 NYS2d 507]

CRAIG CLEMENTONI, Appellant, v CONSOLIDATED RAIL CORPORATION, Also Known as CONRAIL, et al., Defendants, and PAUL SKOWRON, as Voluntary Administrator of the Estate of RAYMOND SKOWRON, Deceased, et al., Respondents.

Argued March 27, 2007; decided May 3, 2007

APPEARANCES OF COUNSEL

*Paul William Beltz, P.C.*, Buffalo (*Debra A. Norton* of counsel), for appellant.

*Gibson, McAskill & Crosby, LLP*, Buffalo (*C. Christopher Bridge* and *Tara N.K. Cross* of counsel), for Harold M. Gardner and another, respondents.

*O'Neill, Feeley & Brownell*, Buffalo (*Michael T. Feeley* of counsel), for Paul Skowron, respondent.

## OPINION OF THE COURT

MEMORANDUM.

The order of the Appellate Division should be affirmed, with costs.

This appeal arises out of the collision of an automobile driven by plaintiff Craig Clementoni and a train operated by the Consolidated Rail Corporation (Conrail). The accident occurred at around 6:00 P.M. on September 27, 1994, as plaintiff was driving across a set of railroad tracks at an unmarked grade crossing intersecting a private gravel road owned by Raymond and Gertrude Skowron in northeast Erie County. Conrail owned and

maintained the tracks and the 50-foot wide right-of-way in which they were centered. The right-of-way was a slightly raised pathway, with paved approaches connecting to the gravel road on either side of the tracks. Defendants Harold M. and Patricia Gardner owned property bordering the right-of-way at the crossing.

On September 16, 1997, plaintiff sued Conrail, the railroad engineer operating the train, the Skowrons and the Gardners to recover for his injuries. As relevant to this appeal, plaintiff alleged that the Skowrons negligently failed to warn him of the hazard of oncoming trains by erecting signs, gates or warning signals at the crossing; he contended that trees and other foliage on the Gardners' property obstructed his view of the oncoming train. Defendants moved for summary judgment, which Supreme Court denied without opinion. The Appellate Division, with two Justices dissenting, reversed Supreme Court's order, granted the motions, and dismissed the complaint and the cross claims against these defendants.

■■ "[A]s a general matter, [a landowner] owes no duty to warn or to protect others from a defective or dangerous condition on neighboring premises, unless the [landowner] ha[s] created or contributed to it" (*Galindo v Town of Clarkstown*, 2 NY3d 633, 636 [2004]). Here, the grade crossing had existed since at least 1939, long before the Skowrons purchased the property. In *Galindo*, we left open "the possibility that some dangers from neighboring property might be so clearly known to the landowner, *though not open or obvious to others*, that a duty to warn would arise" (*id.* at 637 [emphasis added]). The Skowrons, however, had "no reason to expect that [plaintiff] would not observe the hazard or any conceivable risk associated with it" (*Tagle v Jakob*, 97 NY2d 165, 170 [2001]). Plaintiff assumed that the tracks were actively used by Conrail's trains. He testified that he stopped and looked in both directions for oncoming trains and proceeded cautiously each time he approached the tracks, which he uneventfully drove across three times on September 27, 1994 before the accident. As for the Gardners, a landowner is generally not liable for the existence of uncut vegetation obstructing the view of motorists at an intersection (*see* Prosser and Keaton, Torts § 57 at 390 [5th ed]).

Chief Judge KAYE and Judges CIPARICK, GRAFFEO, READ, SMITH and JONES concur; Judge PIGOTT taking no part.

966

Order affirmed, with costs, in a memorandum.