ERICA ANNE MELOE et al., Respondents, v BRYAN J. GARDNER et al., Defendants, and RR PLUMBING & HEATING et al., Appellants. [840 NYS2d 72]—

In an action to recover damages for personal injuries, etc., the defendant RR Plumbing & Heating appeals, as limited by its brief, from so much of an order of the Supreme Court, Dutchess County (Pagones, J.), dated February 23, 2006, as denied its cross motion for summary judgment dismissing the complaint insofar as asserted against it, and the defendants Robert R. Gardner and Elin K. Gardner separately appeal from so much of the same order as denied their motion for summary judgment dismissing the complaint insofar as asserted against them.

Ordered that the order is reversed insofar as appealed from, on the law, with one bill of costs payable to the appellants appearing separately and filing separate briefs, and the cross motion of the defendant RR Plumbing & Heating and the motion of the defendants Robert R. Gardner and Elin K. Gardner for summary judgment dismissing the complaint insofar as asserted against them are granted.

This action arose out of an incident in which a vehicle driven by the defendant Bryan J. Gardner entered a roadway from a driveway and hit broadside a vehicle driven by the plaintiff Torleif Meloe, in which the decedent Edna Meloe was a passenger. The plaintiffs commenced this action against, inter alia, RR Plumbing & Heating, which employed Bryan J. Gardner, and against Robert R. Gardner and Elin K. Gardner, the owners of the property where the driveway was located. At depositions, Bryan J. Gardner and Torleif Meloe testified that their respective views were obstructed by vegetation adjacent to the driveway.

The defendant RR Plumbing & Heating established its prima facie entitlement to judgment as a matter of law by submitting deposition testimony that established that Bryan J. Gardner was not acting within the scope of his employment when the accident occurred (*see Judith M. v Sisters of Charity Hosp.*, 93 NY2d 932, 933 [1999]). The defendants Robert R. Gardner and Elin K. Gardner likewise established, prima facie, their entitlement to judgment as a matter of law by demonstrating that they had no duty to the plaintiffs respecting vegetation obscuring the view from their driveway (*see Pulka v Edelman*, 40 NY2d 781, 785 [1976]). This Court has held that "there is no common-law duty of a landowner to control the vegetation on his or her property for the benefit of users of a public highway" (*Ingenito v Robert M. Rosen, P.C.*, 187 AD2d 487, 488 [1992]; *see Clementoni v Consolidated Rail Corp.*, 8 NY3d 963 [2007]; *Kolkmeyer v Westhampton Taxi & Limo Serv.*, 261 AD2d 587, 588 [1999]). In opposition, the plaintiffs failed to present any evidence raising a

triable issue of fact (*see Zuckerman v City of New York*, 49 NY2d 557, 562 [1980]).

Accordingly, the Supreme Court erred in denying the cross motion of the defendant RR Plumbing & Heating, and the motion of the defendants Robert R. Gardner and Elin K. Gardner, for summary judgment dismissing the complaint insofar as asserted against them. Crane, J.P., Ritter, Lifson and Balkin, JJ., concur.