# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

205
CA 10-01275
PRESENT: SMITH, J.P., PERADOTTO, LINDLEY, SCONIERS, AND MARTOCHE, JJ.

---

KAREN COOK, PLAINTIFF-APPELLANT,

V                                     MEMORANDUM AND ORDER

ILEANE SUITOR, ET AL., DEFENDANTS,
AND BLATNER'S AUTO, INC., DEFENDANT-RESPONDENT.

---

CANTOR, LUKASIK, DOLCE & PANEPINTO, P.C., BUFFALO (SEAN E. COONEY OF
COUNSEL), FOR PLAINTIFF-APPELLANT.

CHELUS, HERDZIK, SPEYER & MONTE, P.C., BUFFALO (MICHAEL J. CHMIEL OF
COUNSEL), FOR DEFENDANT-RESPONDENT.

---

Appeal from an order of the Supreme Court, Niagara County
(Richard C. Kloch, Sr., A.J.), entered February 3, 2010 in a personal
injury action. The order granted the motion of defendant Blatner's
Auto, Inc. for summary judgment dismissing plaintiff's complaint in
its entirety along with all cross claims against it.

It is hereby ORDERED that the order so appealed from is
unanimously affirmed without costs.

Memorandum: Plaintiff commenced this action seeking damages for
injuries she sustained when the motorcycle on which she was a
passenger collided with a vehicle owned and operated by defendant
Ileane Suitor. The collision occurred at an intersection in North
Tonawanda when Suitor, after stopping at a stop sign, attempted to
take a left turn onto the street on which the motorcycle was
traveling. It is undisputed that the driver of the motorcycle had the
right-of-way. According to plaintiff, Blatner's Auto, Inc.
(defendant), a used car dealership located on a corner of the
intersection, was negligent in parking vehicles on its lot in a manner
that obstructed the views of Suitor and the motorcycle driver.
Supreme Court properly granted defendant's motion for summary judgment
dismissing the complaint and all cross claims against it.

Plaintiff concedes that defendant had no common-law duty to
maintain its property to ensure that the view of motorists on the
public highway was unobstructed (*see generally Meloe v Gardner*, 40
AD3d 1055, 1056; *Echorst v Kaim*, 288 AD2d 595). Plaintiff contends,
however, that defendant's liability arises from its violation of
various provisions of the North Tonawanda City Code. We reject that
contention. Although a violation of the City Code may constitute
evidence of negligence (*see Barnes v Stone-Quinn*, 195 AD2d 12, 14),

defendant established as a matter of law that its placement of vehicles did not violate any provision of the City Code, and in response plaintiff failed to raise an issue of fact.  We note that, although Suitor testified that "something" blocked her view of the intersection, she was unable to identify the object, and in any event she testified at her deposition that the alleged object obstructing her view was not on defendant's property but instead on the street.  We further note that, although plaintiff contended that the view of the motorcycle driver was obstructed by defendant's parked vehicles, the motorcycle driver in fact did not testify at his deposition that his view was obstructed by the parked vehicles or by anything else on defendant's property.  We thus conclude that the court properly granted defendant's motion (*see generally Zuckerman v City of New York*, 49 NY2d 557, 562).

Entered:  February 18, 2011                    Patricia L. Morgan
                                               Clerk of the Court