# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**91**
**CA 10-01884**
PRESENT: SMITH, J.P., FAHEY, CARNI, SCONIERS, AND MARTOCHE, JJ.

---

CHRISTINE KOLODZIEJCZAK, INDIVIDUALLY AND
AS PARENT AND LEGAL GUARDIAN OF CLAIRE
KOLODZIEJCZAK, AN INFANT, PLAINTIFF-RESPONDENT,

V                                        MEMORANDUM AND ORDER

RAYMOND KOLODZIEJCZAK, RAY KOLO EXCAVATING, INC.,
DEFENDANTS-APPELLANTS,
AND SCOTT KOLODZIEJCZAK, DEFENDANT.

---

FISHMAN & TYNAN, ESQS., MERRICK (JOHN FISHMAN OF COUNSEL), FOR
DEFENDANT-APPELLANT RAYMOND KOLODZIEJCZAK.

LEVENE GOULDIN & THOMPSON, LLP, VESTAL (DANIEL R. NORTON OF COUNSEL),
FOR DEFENDANT-APPELLANT RAY KOLO EXCAVATING, INC.

DAVIDSON & O'MARA, PC, ELMIRA (RANSOM P. REYNOLDS, JR., OF COUNSEL),
FOR PLAINTIFF-RESPONDENT.

-----------------------------------------------------------------------------------------------------

Appeals from an order of the Supreme Court, Steuben County
(Joseph W. Latham, A.J.), entered June 21, 2010 in a personal injury
action.  The order, insofar as appealed from, denied the motion of
defendant Raymond Kolodziejczak and the cross motion of defendant Ray
Kolo Excavating, Inc. for summary judgment.

It is hereby ORDERED that the order so appealed from is modified
on the law by granting that part of the motion of defendant Raymond
Kolodziejczak for summary judgment dismissing the negligent
supervision cause of action against him and granting the cross motion
of defendant Ray Kolo Excavating, Inc. for summary judgment dismissing
the amended complaint and cross claim against it and as modified the
order is affirmed without costs.

Memorandum:  Plaintiff commenced this action, individually and on
behalf of her daughter, seeking damages for injuries sustained by her
daughter when two of her fingers were severed by a log splitter
(splitter).  The accident occurred when plaintiff's daughter was
adjusting a crooked piece of wood on the splitter and plaintiff's
infant son simultaneously lowered the handle on the splitter to
activate it.  Plaintiff asserted, inter alia, causes of action for
negligent supervision and negligent entrustment against defendants
Raymond Kolodziejczak, her children's grandfather (grandfather) and
the owner of the property on which the accident occurred, and Ray Kolo
Excavating, Inc. (Kolo).  Supreme Court denied the motion of the

grandfather for summary judgment dismissing the amended complaint against him and the cross motion of Kolo for, inter alia, summary judgment dismissing the amended complaint and cross claim against it.

We conclude that the court erred in denying that part of the grandfather's motion seeking summary judgment dismissing the negligent supervision cause of action against him, and we therefore modify the order accordingly.  Insofar as the amended complaint alleges that the grandfather had a duty to supervise plaintiff's daughter, it is well established that a grandparent who exercises temporary custody and control of a child may be liable for any injury sustained by the child that was caused by the grandparent's negligence (*see Appell v Mandel*, 296 AD2d 514; *Adolph E. v Lori M.*, 166 AD2d 906; *Costello v Marchese*, 137 AD2d 482, 483).  Here, the grandfather met his initial burden on the motion with respect to his alleged negligent supervision of plaintiff's daughter by submitting evidence establishing that he did not supervise or control plaintiff's daughter at any relevant time, and plaintiff failed to raise a triable issue of fact in opposition (*see generally Zuckerman v City of New York*, 49 NY2d 557, 562).

Insofar as the amended complaint alleges that the grandfather had a duty to supervise plaintiff's son, we note that "[p]roperty owners 'have a duty to control the conduct of third persons on their premises when they have the opportunity to control such persons and are reasonably aware of the need for such control' " (*Lasek v Miller*, 306 AD2d 835, 835, quoting *D'Amico v Christie*, 71 NY2d 76, 85).  Nevertheless, we conclude that the grandfather met his initial burden on the motion with respect to his allegedly negligent supervision of plaintiff's son by submitting evidence that the grandfather had no reason to perceive a need to control plaintiff's son, and plaintiff failed to raise a triable issue of fact in opposition (*see generally Zuckerman*, 49 NY2d at 562).

We further conclude, however, that the court properly denied that part of the grandfather's motion seeking summary judgment dismissing the negligent entrustment cause of action against him.  We reject the grandfather's contention that his actions merely furnished the occasion by which the accident was made possible, i.e., his actions were not a proximate cause of the accident.  "Questions concerning . . . proximate cause are generally . . . for the jury" (*Prystajko v Western N.Y. Pub. Broadcasting Assn.*, 57 AD3d 1401, 1403 [internal quotation marks omitted]).  The grandfather failed to establish as a matter of law that his actions in permitting plaintiff's son and the father of the children, defendant Scott Kolodziejczak, to operate the splitter on the grandfather's property in the presence of plaintiff's daughter were not a proximate cause of the accident.

Kolo contends that the court erred in denying its cross motion for, inter alia, summary judgment dismissing the amended complaint and cross claim against it because Kolo did not owe a duty of care to plaintiff's daughter.  We agree, and we therefore further modify the order accordingly.  "[B]efore a defendant may be held liable for negligence it must be shown that the defendant owes a duty to the plaintiff" (*Pulka v Edelman*, 40 NY2d 781, 782, *rearg denied* 41 NY2d

901; *see Clementoni v Consolidated Rail Corp.*, 30 AD3d 986, 987, *affd* 8 NY3d 963). "The existence and scope of an alleged tortfeasor's duty is, in the first instance, a legal question for determination by the courts" (*Sanchez v State of New York*, 99 NY2d 247, 252; *see Galasso v Wegmans Food Mkts., Inc.*, 53 AD3d 1145).

With respect to the negligent supervision cause of action against Kolo, a special relationship such as a master-servant relationship may give rise to a duty to control the conduct of another (*see Purdy v Public Adm'r of County of Westchester*, 72 NY2d 1, 8, *rearg denied* 72 NY2d 953). Here, however, because the negligent supervision cause of action against the grandfather must be dismissed and the grandfather is the only link between Kolo and the accident, Kolo cannot be held liable to plaintiff under a theory of negligent supervision.

With respect to the negligent entrustment cause of action against Kolo, we note that "[t]he question of duty . . . is best expressed as 'whether the plaintiff's interests are entitled to legal protection against the defendant's conduct' " (*Pulka*, 40 NY2d at 782). We conclude that Kolo met its initial burden by submitting the grandfather's affidavit in which he indicated that the accident occurred during his personal pursuit on property with which Kolo had no involvement (*see generally Zuckerman*, 49 NY2d at 562). In opposition to the cross motion, plaintiff failed to raise a triable issue of fact whether Kolo had any involvement in the accident (*see generally id.*).

All concur except CARNI and MARTOCHE, JJ., who dissent in part and vote to reverse the order insofar as appealed from in accordance with the following Memorandum: We respectfully dissent in part. We agree with the majority that Supreme Court erred in denying that part of the motion of defendant Raymond Kolodziejczak (hereafter, grandfather) for summary judgment dismissing the negligent supervision cause of action against him, inasmuch as the grandfather had no reason to perceive a need to control plaintiff's son. We further agree with the majority that the court erred in denying the cross motion of defendant Ray Kolo Excavating, Inc. (Kolo) for, inter alia, summary judgment dismissing the amended complaint and cross claim against it. We conclude, however, that the court also erred in denying that part of the grandfather's motion seeking summary judgment dismissing the negligent entrustment cause of action against him. We note that the grandfather and Kolo do not appeal from that part of the order denying plaintiff's motion for discovery inasmuch as they are not aggrieved by it. We therefore would reverse the order insofar as appealed from.

Generally, a parent or, in this case, a grandparent, may be liable for injuries to a third-party resulting from the entrustment of an instrument made dangerous by the age, intelligence, infirmity, disposition or training of the child using the instrument (*see generally Nolechek v Gesuale*, 46 NY2d 332, 338). The rationale is that the person responsible for the child "owes a duty to protect third[-]parties from harm that is clearly foreseeable from the child's improvident use or operation of a dangerous instrument, where such use is found to be subject to [that person's] control" (*Rios v Smith*, 95

NY2d 647, 653; *see LaTorre v Genesee Mgt.*, 90 NY2d 576, 581).  We cannot conclude that the evidence supports the determination that the grandfather entrusted a dangerous instrument, i.e., the log splitter (splitter), to plaintiff's son.  Rather, the evidence establishes that the child's father was supervising him with respect to the operation of the splitter.  It would be inconsistent to conclude that the use of the splitter by plaintiff's son was subject to the grandfather's control and also to conclude, as the majority does, that the grandfather had no reason to perceive a need to control plaintiff's son.

Entered:  April 1, 2011                        Patricia L. Morgan
                                               Clerk of the Court