Fahey, J.
(dissenting in part).
I
I agree with the majority that Supreme Court erred in dismissing the third cause of action, for premises liability, against defendants-respondents-appellants Steven B. Leake, Karl Smith, Corey Wilson, Kenneth M. Koperda, Theodore L. Bilohlavek and Nathan E Zilak. I also agree with the majority that the court erred in failing to dismiss the fifth cause of action in its entirety against those whom my colleagues in the majority characterize as the resident defendants, i.e., all of the defendants-respondents-appellants except Jonathan M. Henty. The fifth cause of action was asserted solely by Bryan Parslow (plaintiff) and alleged violations of General Obligations Law § 11-100 and Alcoholic Beverage Control Law § 65. Likewise, I agree with the majority that the court erred in dismissing the eighth cause of action, which was asserted solely by plaintiff Beth Parslow and which alleged a violation of General Obligations Law § 11-100, against the resident defendants, and defendants William K. Genewick and Daniel C. Diaz.
I cannot agree with the majority, however, that the court erred in denying the motions and cross motions of the resident defendants seeking summary judgment dismissing the fourth cause of action, for negligent supervision, against them. In my view, the resident defendants had a duty to supervise and control their guests, including plaintiff, at the party at issue, and I conclude that the order should be affirmed to that extent. I therefore respectfully dissent in part.
II
As the majority notes, this action arises from an incident in which plaintiff fell out of a second-story window while attending a party at a house owned and managed by defendant Mr. G. Rentals, LLC. The house was occupied by 20 tenants and all of the resident defendants rented individual rooms in the house. The resident defendants and others held themselves out as members of the Sigma Alpha Mu fraternity.
*73 The determination to hold the party was made during a weekly meeting of the fraternity attended by nearly everyone who lived in the house. The party involved 50 to 80 people, was concentrated in a second-floor common area of the house, and was open to anyone who had heard of it. The record establishes that each resident defendant was aware of the party by virtue of being present at the house for some time during the party.
Guests at the party were not asked for proof of age and plaintiff, who was an 18-year-old college freshman, paid to attend the party with a group of three other friends. Plaintiffs group brought a backpack containing approximately 15 cans of beer to the party, which entitled them to a discount on their payment for admission to the party, and additional beer was also available for guests. Plaintiff initially drank beer that his group brought to the party, and he participated in a fraternity rush interview and eventually played a game of “beer pong” fueled by beer provided at the party.
Approximately one hour after participating in that “beer pong” game, plaintiff vomited, “slurred his words” and was “swaying.” One of the members of plaintiffs group advised plaintiff that plaintiff “probably should get to the bathroom,” which was on the second floor of the house. Plaintiff, who was obviously drunk, staggered in the direction of that room. The casing of the bathroom’s window was seven feet high and four feet wide, and its sill was approximately 14 inches from the floor. The window, which was double-hung, had an opening that was three feet high and four feet wide, and it did not have a screen or fall protection device.
Shortly after entering the bathroom alone, plaintiff was discovered on the ground outside, below the bathroom window. The bathroom window was “wide open,” but the window opening was concealed by horizontal blinds that covered the opening at the time plaintiff fell. The fall left plaintiff paralyzed from the waist down.
m
“Landowners in general have a duty to act in a reasonable manner to prevent harm to those on their property” (D’Amico v Christie, 71 NY2d 76, 85 [1987]; see Martino v Stolzman, 18 NY3d 905, 908 [2012]). “The existence and scope of [that] duty is, in the first instance, a legal question for determination by the courts” (Sanchez v State of New York, 99 NY2d 247, 252 [2002]; see Di Ponzio v Riordan, 89 NY2d 578, 583 [1997]; Kolodziejczak v Kolodziejczak, 83 AD3d 1377, 1379 [2011]; see *74 generally Hamilton v Beretta U.S.A. Corp., 96 NY2d 222, 236 [2001]). The duty to supervise and control the conduct of third persons on premises extends to those in control or possession of the premises (see Struebel v Fladd, 75 AD3d 1164, 1165 [2010]; Dynas v Nagowski, 307 AD2d 144, 147 [2003]). Here, that duty extended to all resident defendants (see O’Neill v Ithaca Coll., 56 AD3d 869, 871 [2008]).
Courts of this state “have consistently refused to recognize a common-law cause of action against providers of alcoholic beverages in favor of persons injured as a result of their own voluntary intoxication” (Sheehy v Big Flats Community Day, 73 NY2d 629, 636 [1989]; see e.g. Kudisch v Grumpy Jack’s, Inc., 112 AD3d 788, 789 [2013]; Van Neil v Hopper, 167 AD2d 954, 955 [1990], lv denied 77 NY2d 804 [1991]), and there is no dispute “that the mere infancy of [an] injured person does not constitute an exception to that voluntary intoxication rule” (Searley v Wegmans Food Mkts., Inc., 24 AD3d 1202, 1202 [2005]). The question now before us, however, involves not the provision of alcohol, but the supervision of a voluntarily intoxicated person at a large party involving a dangerous combination of large quantities of alcohol and underage drinking.
O’Neill v Ithaca Coll. (56 AD3d 869 [2008]) is instructive here. That case arose from the fall of the underage plaintiff from the balcony of an apartment during a small party. The plaintiffs commenced an action alleging that the defendant (college) was “liable for [the underage plaintiffs] injuries because, among other things, the balcony and its railings were unsafe and negligently designed” (id. at 869). The college subsequently commenced a third-party action seeking contribution against, inter alia, the five students who shared the subject apartment. Two of those students moved for summary judgment dismissing the third-party complaint against them, and the Third Department rejected the college’s contention that the moving students were “potentially liable because they breached a duty owed to both [the] defendant and [the underage] plaintiff to control or supervise the activities of guests at their party” (id. at 871). In doing so, however, the Third Department acknowledged that circumstances such as those at issue in the instant case could give rise to such a duty; to wit, that Court wrote in relevant part that,
“[here], there was no fight nor was there proof of any uncontrolled party guests that may have led to a dangerous situation. In fact, there is no proof that *75 a third person was involved in any way with plaintiffs fall from the balcony. Furthermore, despite proof that plaintiff drank alcohol at the party, there is no proof in this record that her consumption was anything other than voluntary (compare Oja v Grand Ch. of Theta Chi Fraternity, 257 AD2d 924, 925 [1999]) or that her actions needed to be controlled because she was stumbling, slurring her speech or unable to control her physical abilities (see e.g. Dollar v O’Hearn, 248 AD2d 886, 887 [1998]).” (Id. at 871-872.)
In this case, plaintiff, who had reached the age of majority, but who was still a minor in the eyes of the law for the purpose of purchasing alcohol (see Alcoholic Beverage Control Law § 65 [1]), exhibited telltale signs of intoxication at a large party to which he and others were permitted to bring their own alcohol, at which no effort was made to exclude underage drinkers, and during which the hosts exhibited neither care nor concern for any intoxicated partygoer. Consequently, in my view, the resident defendants assumed a duty to supervise guests at the party, including plaintiff, through their control and possession of the house, as well as their presence at the house during at least part of that large, untamed affair.
IV
Accordingly, for the foregoing reasons, I respectfully disagree with the majority that the court erred in denying the motions and cross motions of the resident defendants seeking summary judgment dismissing the fourth cause of action, for negligent supervision, against them.
Peradotto and Carni, JJ., concur with Scudder, PJ.; Fahey, J., dissents in part and votes to modify in a separate opinion.
Now, upon reading and filing the stipulation discontinuing the appeal insofar as it concerns defendant Philip J. Schneider, Jr. signed by the attorneys for plaintiffs and Schneider on May 31, 2013, and upon the partial stipulation of discontinuance of plaintiffs’ action against defendant Jonathan M. Henty signed by the attorneys for plaintiffs and Henty on December 10 and 12, 2013 and filed in the Monroe County Clerk’s Office on December 18, 2013,
*76 It is hereby ordered that said cross appeal taken by defendant Jonathan M. Henty is dismissed upon stipulation, and the appeal taken by plaintiffs insofar as it concerns Henty and defendant Philip J. Schneider, Jr., is dismissed upon stipulation, and the order is modified on the law by denying those parts of the motions and cross motions of defendants Steven B. Leake, Karl Smith, Corey Wilson, Kenneth M. Koperda, Theodore L. Bilohlavek, and Nathan E Zilak for summary judgment dismissing the third cause of action against them, granting those parts of the motions and cross motions of defendants Leake, Corey R. Schlobohm, Josef M. Wolcott, Andrew Leonello, Nicholas E. Hooks, Andrew M. Morgan, Smith, Wilson, Koperda, Jason E Barry, Jr., Bilohlavek and Zilak, seeking summary judgment dismissing the fourth and fifth causes of action against them, and denying those parts of the motions and cross motions of defendants Leake, Schlobohm, Wolcott, Leonello, Hooks, Morgan, Smith, Wilson, Koperda, Barry, Bilohlavek, Zilak, William K. Genewick and Daniel C. Diaz for summary judgment dismissing the eighth cause of action against them, and as modified the order is affirmed without costs.