# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**348**
**CA 16-01296**
PRESENT: WHALEN, P.J., SMITH, CARNI, LINDLEY, AND NEMOYER, JJ.

---

CAITLIN WESTON, PLAINTIFF-RESPONDENT,

                V                        MEMORANDUM AND ORDER

JOSE MARTINEZ, DEFENDANT-RESPONDENT,
AND CIANCIANA PROPERTY MANAGEMENT, LLC,
DEFENDANT-APPELLANT.

---

GALLO & IACOVANGELO, LLP, ROCHESTER (BRIAN P. RILEY OF COUNSEL), FOR
DEFENDANT-APPELLANT.

LORI ROBB MONAGHAN, ROCHESTER, FOR PLAINTIFF-RESPONDENT.

---

Appeal from an order of the Supreme Court, Monroe County (Evelyn Frazee, J.), entered December 17, 2015. The order denied the motion of defendant Cianciana Property Management, LLC for summary judgment.

It is hereby ORDERED that the order so appealed from is unanimously reversed on the law without costs, the motion is granted and the complaint and cross claim against defendant Cianciana Property Management, LLC are dismissed.

Memorandum: Plaintiff commenced this action seeking damages for injuries she allegedly sustained when the bicycle on which she was riding collided with a vehicle owned and operated by defendant Jose Martinez (Martinez). The collision occurred as Martinez was exiting the driveway of an apartment building owned by Cianciana Property Management, LLC (defendant). According to plaintiff, her view of Martinez and his view of her were blocked by a stone fence next to the sidewalk abutting defendant's property. Martinez filed a cross claim against defendant, seeking contribution and indemnification.

Defendant moved for summary judgment dismissing the complaint and cross claim against it. We conclude that Supreme Court erred in denying that motion. Contrary to plaintiff's contention, defendant established that it owed no duty to plaintiff, a user of the public way (*see Echorst v Kaim*, 288 AD2d 595, 596; *see also Clementoni v Consolidated Rail Corp.*, 8 NY3d 963, 965; *Cook v Suitor*, 81 AD3d 1452, 1452-1453). Although plaintiff contends that a duty arose because defendant made a special use out of the sidewalk by virtue of the fact that the driveway passed over the sidewalk, we conclude that the special use doctrine is inapplicable where, as here, there is no alleged defect in the sidewalk or driveway itself (*see Capretto v City of Buffalo*, 124 AD3d 1304, 1306; *see generally Kaufman v Silver*, 90

NY2d 204, 207-208).  "In the absence of a special feature constructed in the sidewalk, the special use doctrine will not be applied even if the defendant makes continual, heavy use of the sidewalk" (Kreindler, Rodriguez, Beekman and Cook, New York Law of Torts § 12:9 [15 West's NY Prac Series August 2016 Update]).

We thus conclude that defendant established that it owed no duty of care to plaintiff.  "In the absence of duty, there is no breach and without a breach there is no liability" (*Pulka v Edelman*, 40 NY2d 781, 782).  We therefore reverse the order, grant the motion, and dismiss the complaint and cross claim against defendant.

Entered:  April 28, 2017                    Frances E. Cafarell
                                            Clerk of the Court