■ SUSAN MILLER, Individually and as Mother and Natural Guardian of LAUREN MILLER, an Infant, et al., Respondents, v TUXEDO PARK ASSOCIATION, INC., Appellant, et al., Defendant. (And a Third-Party Action.) — In an action to recover damages for wrongful death and personal injuries, defendant Tuxedo Park Association, Inc., appeals (1) from an order of the Supreme Court, Orange County (Gurahian, J.), dated September 30, 1982, which denied its motion for summary judgment dismissing plaintiffs' complaint as to it, and (2) as limited by its brief, from so much of an order of the same court dated March 11, 1983, as, upon reargument, adhered to its original determination. ¶ Appeal from the order dated September 30, 1982, dismissed as academic. That order was superseded by the order dated March 11, 1983, which was entered upon reargument. ¶ Order dated March 11, 1983, reversed insofar as appealed from, on the law, motion granted, order dated September 30, 1982, vacated and complaint dismissed as to the appellant. ¶ The appellant is awarded one bill of costs. ¶ Based upon the facts in the record which plaintiffs have failed to refute with any evidentiary showing, it is clear that, as a matter of law, the appellant could not have been responsible for any of the alleged negligent acts or omissions which plaintiffs, in their complaint and bill of particulars, assert were the proximate causes of the accident. ¶ It is undisputed that the railroad crossing where the accident occurred, as well as some 38 feet of roadway adjacent thereto, was in the control of Conrail, not the appellant; the foliage which allegedly obscured the railroad crossing from oncoming motorists on that portion of Contractors Road east of the railroad tracks was located between the railroad tracks and the road, i.e., entirely within Conrail's right of way; it was Conrail's responsibility to maintain a clear line of sight to its railroad crossing (see Railroad Law, § 53-a); it was the Town of Tuxedo's responsibility to erect warning signs on the road (see Railroad Law, § 53-a); the appellant was legally prohibited from doing so itself (see Vehicle and Traffic Law, § 1114, subd [a]); and the appellant did not construct the road, which was in existence when it acquired the property in 1939. Therefore, the appellant could not have been responsible for any of the alleged negligent acts or omissions which plaintiffs assert were the proximate causes of the accident, and it is entitled as a matter of law to summary judgment dismissing plaintiffs' complaint as to it. Mollen, P. J., Titone, Weinstein and Rubin, JJ., concur.