■ MARTHA ZAWACKI et al., Appellants, v TOWN OF NORTH HEMPSTEAD et al., Respondents.—In an action to recover damages for personal injuries, etc., the plaintiffs appeal from so much of an order of the Supreme Court, Nassau County (Kutner, J.), dated July 20, 1990, as (1) granted the motion by the defendants Earl Lee White, Jr., Charles K. White, and Gerald E. White, and the cross motion by the defendant Town of North Hempstead, for summary judgment dismissing the complaint, and (2) denied the plaintiffs' cross motion for summary judgment.

Ordered that the order is affirmed insofar as appealed from, with one bill of costs to the respondents appearing separately and filing separate briefs.

The plaintiff Martha Zawacki was allegedly injured when she tripped and fell on the sidewalk which abutted the private property owned by the defendants Earl Lee White, Jr., Charles K. White, and Gerald E. White. The record indicates that, at the time of the accident, the root of an adjacent tree had elevated and broken the sidewalk.

Viewing the evidence in the light most favorable to the plaintiffs *(see, Mandel v City of New York,* 44 NY2d 1004), we hold that the Supreme Court properly granted summary judgment to the owners and to the Town of North Hempstead. The record fails to indicate any basis for liability in regard to the owners, who merely planted the tree beside the public sidewalk approximately 30 years prior to Martha Zawacki's fall. Merely planting a curbside tree "does not, in itself, constitute an act of affirmative negligence" *(Monteleone v Incorporated Vil. of Floral Park,* 143 AD2d 647, 649, *affd* 74 NY2d 917). Even though the owners were fully aware of the defect for several years, they had neither a duty to notify the Town of the sidewalk's condition, nor an obligation to repair the condition themselves *(see, Conlon v Village of Pleasantville,* 146 AD2d 736). Summary judgment was also properly granted to the Town of North Hempstead since the plaintiffs were unable to demonstrate that the Town had received prior written notice of the sidewalk defect pursuant to Code of the Town of North Hempstead § 26-1, or that there had been affirmative negligence on the part of the Town that would

obviate the requirement of such notice *(see, Monteleone v Incorporated Vil. of Floral Park, supra,* at 648). Sullivan, J. P., Lawrence, Ritter and Santucci, JJ., concur.