■ HELEN INGENITO, Respondent, v ROBERT M. ROSEN, P. C., et al., Appellants et al., Defendants.—In an action to recover damages for personal injuries, the defendants Robert M. Rosen, P. C., Robert M. Rosen, Diane Saunders, also known as Diane Rosen, Mary Ugurlu and Keti Callas separately appeal from an order of the Supreme Court, Nassau County (Molloy, J.), dated September 27, 1990, which, in effect, denied their respective motions and cross motions for summary judgment dismissing the complaint insofar as it is asserted against them.

Ordered that the order is reversed, on the law, the appellants' motions are granted, the complaint is dismissed insofar as it is asserted against the appellants, and the action against the remaining defendants is severed; and it is further,

Ordered that one bill of costs is awarded to the appellants, appearing separately and filing separate briefs.

The plaintiff brought this action seeking damages for personal injuries sustained when she was struck by a car as it backed out of a driveway. The plaintiff alleged that the owners of the property leading to the driveway, the appellants Robert M. Rosen and Diane L. Saunders, also known as Diane L. Rosen, were negligent because a row of hedges adjacent to their property obstructed the view of drivers exiting the driveway. The hedges were located on the property owned by the appellants Mary Ugurlu and Keti Callas. The vehicle was driven by the defendant Steven Cristman, who, as part of his employment with Walsh Messenger Service, was picking up a package at the office of the appellant Robert M. Rosen, P. C.

The appellants separately moved for summary judgment claiming they owed no duty to the plaintiff. The Supreme Court denied the motions, finding "there exist questions of fact as to [the appellants'] conduct with respect to the maintenance and care of the hedge[s] and driveway" and "there is a question of foreseeability of risk and attendant duties involved with the driveway". We disagree.

In order to recover damages for negligence, it must be shown that the defendant owes a duty of care to the plaintiff

*(see, Eiseman v State of New York,* 70 NY2d 175, 187). Whether a duty exists is for the court to decide *(see, De Angelis v Lutheran Med. Ctr.,* 58 NY2d 1053, 1055). Foreseeability of injury does not determine the existence of a duty *(see, Strauss v Belle Realty Co.,* 65 NY2d 399, 402). It is the responsibility of the courts to fix the bounds of duty, where logic, science, and policy all play an important role *(see, De Angelis v Lutheran Med. Ctr., supra).* Foreseeability is used to determine the scope of duty, only after it has been determined that there is a duty *(see, Pulka v Edelman,* 40 NY2d 781, 785).

With respect to the obligations of the Rosens, there is no duty to control the vegetation of adjoining landowners. The hedges were not maintained or controlled by the Rosens. Further, there is no obligation to post warnings or mirrors where there is no expectation this will prevent negligent conduct *(see, Pulka v Edelman, supra).*

There is also no evidence to indicate the defendant Cristman was an agent of the appellant Robert M. Rosen, P. C., which would give rise to a duty on the part of that appellant to attempt to control Cristman's conduct. Cristman worked as an independent contractor for Walsh Messenger Service and was not employed by the appellant Robert M. Rosen, P. C.

Finally, the appellants Ugurlu and Callas owed no duty to the plaintiff, as there is no common-law duty of a landowner to control the vegetation on his or her property for the benefit of users of a public highway *(see, Krotz v CSX Corp.,* 115 AD2d 310). Rosenblatt, J. P., Ritter, Pizzuto and Santucci, JJ., concur.