[606 NYS2d 485]

MANFRED BARNES et al., Individually and as Parents and Natural Guardians of TIMOTHY BARNES, an Infant, Appellants, v BEVERLY STONE-QUINN et al., Defendants, and BELGIUM COLD SPRINGS FIRE DISTRICT et al., Respondents.

Fourth Department, December 29, 1993

## APPEARANCES OF COUNSEL

*Greene & Reid,* Syracuse *(Melvin Bressler* of counsel), for appellants.

*MacKenzie, Smith, Lewis, Michell & Hughes,* Syracuse *(Barney F. Bilello* of counsel), for Ruth Quartz, respondent.

*Hancock & Estabrook,* Syracuse *(Patrick Connors* of counsel), for Belgium Cold Springs Fire Department & District, respondent.

*Andino Law Firm,* Syracuse *(Kathleen D. Henry* of counsel), for Town of Lysander, respondent.

*James E. Gaul,* Cicero, for Beverly Stone-Quinn, respondent.

### OPINION OF THE COURT

GREEN, J.

On September 25, 1990, seven-year-old Timothy Barnes was riding his bicycle on Patchett Road Spur in the Town of Lysander. A vehicle owned and operated by Beverly Stone-Quinn, travelling eastbound on Patchett Road, collided with Timothy at the intersection of Patchett Road and Patchett Road Spur. The property at that intersection was owned by defendants Belgium Cold Springs Fire Department (Fire Department) and Belgium Cold Springs Fire District (Fire District) and was leased by defendant Ruth Quartz.

Plaintiffs Manfred and Katherine Barnes, Timothy's parents, commenced this action to recover damages for injuries allegedly sustained by Timothy in the accident, loss of society and reimbursement of medical expenses. Plaintiffs allege that the accident was caused by the negligence of defendants Fire Department, Fire District and Quartz in allowing the growth on the property of tall grass, brush and weeds, which obstructed the view of motorists and bicyclists approaching the intersection. As evidence of defendants' negligence, plaintiffs cite section 139-53 of the Town of Lysander Code, entitled

"CORNER LOTS". That section provides: "On corner lots no berm, fence, wall, hedge or other planting or structure more than three (3) feet in height shall be erected, placed or maintained within the triangular area formed by the intersecting street lines and straight line joining said street lines at points which are thirty-five (35) feet distant from the point of intersection measured along such street line."

Defendants the Fire Department, the Fire District and Quartz moved for summary judgment. Supreme Court granted the motions and dismissed the complaint against those defendants. The court held that neither the common law nor the Town of Lysander ordinance imposed a duty upon defendants to control vegetation for the benefit of motorists or bicyclists on the public highways where the accident occurred. In granting summary judgment, the court concluded that defendants could not be held liable for personal injuries under the ordinance absent "language in the Code specifically stating that a breach of the duties created by the Code will result in liability to anyone injured by that breach *(see, Appio v City of Albany,* 144 AD2d 869)."

## I.

Supreme Court properly held that there is no common-law duty imposed upon owners or occupiers of land to control vegetation on their property for the benefit of users of a public highway *(see, Krotz v CSX Corp.,* 115 AD2d 310, citing Prosser and Keeton, Torts § 57, at 390 [5th ed]; *see also, Ingenito v Robert M. Rosen, P. C.,* 187 AD2d 487, *lv denied* 81 NY2d 705). The court erred, however, in concluding that defendants may not be held liable for their alleged violation of the duty, imposed by section 139-53 of the Town of Lysander Code, to control the height of plants and structures on the corner lot.

It is established law that violation of an ordinance (e.g., a building code) is "evidence of negligence which the jury could take into consideration with all other evidence on the subject" *(Major v Waverly & Ogden,* 7 NY2d 332, 336; *see also, Bjelicic v Lynned Realty Corp.,* 152 AD2d 151, 154, *appeal dismissed* 75 NY2d 947; *Lein v Czaplinski,* 106 AD2d 723, 724). Whether an ordinance or a statute creates a standard of care depends upon the risks that reasonably may be anticipated as likely to follow from a violation *(see,* Prosser and Keeton, Torts, *op. cit.,* § 36, at 226-227). "It is a well-settled rule in this State that where an ordinance for the protection or benefit of individuals

prohibits the doing of acts or imposes a specific duty, the neglect to obey the prohibition or to perform the duty is some evidence of negligence to be considered by a jury in an action brought by one for whose protection the statute was enacted to recover for any injuries of the character which it was designed to prevent, proximately produced by such disobedience or neglect." *(Carlock v Westchester Light. Co.,* 268 NY 345, 349; *accord, Monroe v City of New York,* 67 AD2d 89, 99.)

Plaintiffs have established that the ordinance was intended to protect those persons travelling on Town highways from the risk of injury that may reasonably be anticipated from reduced visibility at intersections caused by overgrown vegetation *(see,* Prosser and Keeton, Torts, *op. cit.,* § 57, at 388, n 25). It is for a jury to determine whether defendants violated the ordinance and whether the alleged violation of the ordinance proximately caused the accident *(see, Sullivan v Locastro,* 178 AD2d 523, 525, *lv denied* 81 NY2d 701).

We reject Supreme Court's conclusion, advocated by defendants on appeal, that tort liability may not be imposed because the ordinance did not explicitly provide that the landowner will be held liable to persons injured as the result of his or her violation of the ordinance. In reaching that conclusion, Supreme Court relied on cases holding that an abutting landowner is not liable for injuries sustained as the result of the dangerous condition of a sidewalk under an ordinance that does not explicitly impose liability for personal injuries *(see, Appio v City of Albany,* 144 AD2d 869, *supra; see also, Giangotti v Grauer,* 158 AD2d 968; *Conlon v Village of Pleasantville,* 146 AD2d 736; *Kiernan v Thompson,* 137 AD2d 957, 958).

The sidewalk cases are not controlling because, in those cases, the abutting landowner is not held liable for a dangerous condition existing on property owned by a municipality. In the present case, the dangerous condition exists on the defendants' property and only the defendant owners are in a position to remedy the dangerous condition. The distinction is significant because of the rationale for the rule relieving an abutting owner of liability for injuries sustained by pedestrians resulting from the failure to properly maintain the sidewalk. Any other rule, the Court of Appeals has reasoned, "would tend to relax the vigilance of the public authorities in the performance of their duties in respect to the repair of highways and streets, and impose that duty upon those who might be utterly unable to discharge it" (65 NY Jur 2d,

Highways, Streets and Bridges, § 373, at 159, citing *City of Rochester v Campbell,* 123 NY 405). Here, the duty imposed by the ordinance falls directly on the owner of the property allegedly creating the dangerous condition that contributed to the accident.

We conclude, therefore, that summary judgment was improperly granted on the ground that defendants may not be held liable for personal injuries resulting from their alleged violation of the Town of Lysander Code. Defendants' violation of the ordinance, if proven at trial, may be considered by the fact finder as some evidence of negligence. We do not decide whether the facts alleged in the complaint, if proven, would constitute a violation of the Town Code.

## II.

The lessee, defendant Quartz, moved for summary judgment on the additional ground that she had no responsibility or control over vegetation growing on the property. Quartz is entitled to summary judgment dismissing the complaint against her on that ground. The undisputed proof establishes that the Fire District had assumed complete responsibility over the portion of the leased premises that allegedly contributed to the accident. Because Quartz had no right to maintain or control that portion of the property, she was entitled to summary judgment dismissing the complaint against her *(see, McGill v Caldors, Inc.,* 135 AD2d 1041, 1043; *Elmlinger v Board of Educ.,* 132 AD2d 923; 85 NY Jur 2d, Premises Liability, § 153).

Accordingly, the order should be modified by denying the motion of defendants Fire Department and Fire District for summary judgment and reinstating the complaint against the Fire Department and Fire District.

DENMAN, P. J., BALIO and FALLON, JJ., concur.

Order unanimously modified, on the law, and as modified, affirmed, without costs, in accordance with the opinion by GREEN, J.