■ IRIS CAIN, as Executrix of RANDALL L. CAIN, Deceased, Appellant, v CARL P. PAPPALARDO et al., Defendants, and IDA TABACKMAN, Individually and as Executrix of MORRIS TABACKMAN, Deceased, et al., Respondents. [639 NYS2d 570] —Cardona, P. J.

Randall L. Cain (hereinafter decedent) died as the result of an automobile accident at the intersection of Route 17M and Harriman Heights Road located within the boundaries of the Village of Harriman, Orange County. Decedent was driving along Route 17M when his vehicle was struck by a car driven by defendant Carl P. Pappalardo, who had been proceeding along Harriman Heights Road. It is undisputed that Route 17M is a State highway and that Harriman Heights Road is a County road.

Plaintiff commenced this action against, among others, the owners of the real property adjacent to the intersection (hereinafter collectively referred to as defendants), Pappalardo and defendant Orange County. Plaintiff alleged, *inter alia*, that Pappalardo was going through a stop sign at the intersection when he struck decedent's vehicle. It was also alleged that overhanging branches and foliage from trees located on defendants' property obscured the stop sign on Harriman Heights Road, thereby contributing to the accident. Defendants moved for summary judgment contending that they had no duty to the public traversing the street adjacent to their property. The County also moved and plaintiff cross-moved for summary judgment. The County claimed, *inter alia*, that it had no

duty to maintain the trees or the visibility of the stop sign because they were located within 100 feet of a State highway intersection. Supreme Court granted the motions of defendants and the County and denied plaintiff's cross motion. Plaintiff has appealed.

We turn first to defendants' motion for summary judgment. Plaintiff contends that defendants had both a statutory and common-law obligation to maintain the trees on their property so as to prevent leaves and branches from overhanging into the public right-of-way, thereby blocking the view of the stop sign. We disagree. Property owners have no common-law duty to control the vegetation on their property for the benefit of public highway users (see, Barnes v Stone-Quinn, 195 AD2d 12; Ingenito v Robert M. Rosen, P. C., 187 AD2d 487, lv denied 81 NY2d 705). Nor were defendants under any statutory obligation to maintain the vegetation to prevent the stop sign from being obscured.[1] Highway Law § 103-a requires landowners to remove obstructions on a highway. Obstructions include "branches of trees overhanging the highways so as to interfere with public travel therein" (Highway Law § 103-a). However, in delineating a landowner's obligation, the statute notes that the obstructions are those "which have been placed there by such owner or * * * with his consent" (Highway Law § 103-a). In our view, the statute contemplates the affirmative action or acquiescence of a landowner in placing an obstruction in the highway or consenting to such placement. Here, there are no allegations that the overhanging foliage occurred other than by natural means. Thus, under these facts, defendants were under no statutory duty to trim the overhanging foliage.

We are also in agreement with Supreme Court's award of summary judgment in the County's favor. Municipalities have a nondelegable duty to maintain public highways in a reasonably safe condition, which includes the duty to "trim growth within the highway's right-of-way to assure visibility of stop signs and other traffic" (Nurek v Town of Vestal, 115 AD2d 116, 117). As indicated, Route 17M is a State highway and the State installed a stop sign at the intersection. Under these circumstances, the law provides that the State has jurisdiction

---

1. Defendants note that plaintiff did not allege a statutory violation in the complaint or bill of particulars. However, plaintiff's bill of particulars did state that any allegations of statutory violations were awaiting further discovery. In addition, the alleged statutory violation only changed the legal theory of liability without adding any further facts to those pleaded in the complaint (see, e.g., Carco, Inc. v Beltrone Constr. Co., 183 AD2d 984). Here, we find no prejudice to defendants in permitting plaintiff to now assert a statutory violation (see, supra; cf., Redmond v Lomanto, 144 AD2d 448).

over any highway intersecting a State highway for a distance not exceeding 100 feet (*see,* Vehicle and Traffic Law § 1621 [a] [1]; § 1681 [a]; *see also, Federoff v Camperlengo,* 215 AD2d 806). Unless the municipality assumes control of an intersection through repair or maintenance, the State's jurisdiction over the intersection continues and the municipality cannot be cast in liability (*see, Federoff v Camperlengo, supra*; *Mattice v Town of Wilton,* 160 AD2d 1195).

Here, as noted, the stop sign was installed by the State. In addition, the overhanging vegetation was within 100 feet of the intersection.[2] There is also no proof that the County at any time cut back or maintained the vegetation at the intersection (*see, Federoff v Camperlengo, supra*; *Mimoun v Bartlett,* 200 AD2d 721). Plaintiff, however, relies on the fact that the County placed a "stop ahead" sign on Harriman Heights Road at a point 355 feet from that road's intersection with Route 17M. Plaintiff contends that, in so doing, the County assumed a duty to maintain the stop sign. We disagree.

A municipality has the authority to place traffic control devices on its own roads "to regulate, warn, or guide traffic" as it deems necessary (Vehicle and Traffic Law § 1682). Further, the State's Manual of Uniform Traffic Control Devices states that a stop ahead sign "should be used in advance of a stop sign * * * which is not clearly visible to approaching drivers". The stop ahead sign was properly placed pursuant to the guidelines. In our view, the County, in following the statute and the guidelines, did not assume a duty to maintain the intersection when it placed the stop ahead sign on Harriman Heights Road. Plaintiff's remaining arguments have been reviewed and found to be either unpersuasive or unnecessary to address given this Court's conclusions. Supreme Court, therefore, properly awarded summary judgment to the County.

Casey, Yesawich Jr., Peters and Spain, JJ., concur. Ordered that the orders and judgment are affirmed, without costs.

---

2. The record indicates that the overhanging branches were located 89 feet from the intersection.