■ MATILDA PICONE et al., Respondents, v ELSIE D. SCHLAICH et al., Appellants. [667 NYS2d 57] —In an action, *inter alia,* to recover damages for personal injuries, etc., the defendants appeal from an order of the Supreme Court, Nassau County (McCarthy, J.), dated February 25, 1997, which denied their motion for summary judgment dismissing the complaint.

Ordered that the order is reversed, on the law, with costs, the defendants' motion is granted, and the complaint is dismissed.

The plaintiff Matilda Picone was injured when she tripped and fell on an allegedly defective section of sidewalk in front of premises owned by the defendants. The defect was purportedly caused by the defendants' planting of a tree approximately 15

years earlier. An owner of land abutting a public sidewalk does not, solely by reason of being an abutting owner, owe a duty to keep the sidewalk in a safe condition (*see, Loforese v Cadillac Fairview Shopping Ctrs.,* 235 AD2d 399), and the mere planting of a curbside tree does not in itself constitute an act of affirmative negligence (*see, Zawacki v Town of N. Hempstead,* 184 AD2d 697; *see also, Claudio v Incorporated Vil. of Patchogue,* 235 AD2d 385). Furthermore, we reject the plaintiffs' contention that the defendants could be held liable for planting a certain type of tree in violation of Town of Hempstead Code § 181-4. In order for a statute, ordinance, or municipal charter to impose liability upon an abutting owner for injuries caused by its negligence, the language thereof must not only charge the landowner with a duty, it must also specifically state that if the landowner breaches that duty he or she will be liable to those who are injured (*see, Scalici v City of New York,* 215 AD2d 744). No such language is contained in the subject ordinance, and thus the defendants were entitled to summary judgment. Bracken, J. P., Pizzuto, Altman, Krausman and Lerner, JJ., concur.