James E. SAVAGE and Teresa Savage, Plaintiffs,

v.

Bernadette L. SCANLON, Defendant.

Bernadette L. SCANLON, Third–Party Plaintiff,

v.

Roy LUDWIG and Edna Ludwig, Third–Party Defendants.

No. 97–CV–190.

United States District Court, N.D. New York.

May 20, 1998.

Friedlander, Friedlander Law Firm, Waverly, NY, for plaintiffs; William S. Friedlander, of counsel.

Levene, Gouldin Law Firm, Binghamton, NY, for defendant and third–party plaintiff; Cynthia Ann Manchester, of counsel.

Hinman, Howard & Kattell, LLP, Binghamton, NY, for third–party defendants; James F. Lee, of counsel.

## MEMORANDUM–DECISION & ORDER

McAVOY, Chief Judge.

Presently before the Court is the third-party defendants' motion for summary judgment pursuant to FED. R. CIV. P. 56. For the reasons that follow, the third-party defendants' motion is granted dismissing the action against them in its entirety.

## I. BACKGROUND

In the main action, plaintiffs James E. Savage and Teresa Savage ("plaintiffs") seek to recover damages from defendant/third-party plaintiff Bernadette L. Scanlon ("Scanlon") for injuries and suffering allegedly arising out of an automobile accident on April 3, 1996. Specifically, the Complaint alleges that Scanlon negligently backed her van out of a driveway onto Farm–to–Market Road in the Town of Union, New York, causing a collision with plaintiffs' vehicle.

By Stipulation and Order, Scanlon thereafter filed a Third–Party Complaint against Roy Ludwig and Edna Ludwig ("third-party defendants"), owners of the property adjacent to the driveway out of which Scanlon backed her van. The Third–Party Complaint alleges that the car accident between plaintiffs and Scanlon was caused by evergreen trees on the third-party defendants' property, which blocked Scanlon's view of vehicles on Farm–to–Market Road, and particularly plaintiffs' car. The Third–Party Complaint specifically avers that the third-party defendants negligently failed to trim and maintain these trees and that they had actual or constructive notice that these trees presented a danger to anyone using the driveway adjoining their property.

The trunks of the trees in question are located on the third-party defendants' property some eight feet from the east curb of Farm–to–Market Road. According to Scanlon, several branches of the trees extended approximately 3 to 5 feet onto the public right-of-way on Farm–to–Market Road. The third-party defendants planted the trees some 38 years ago.

## II. DISCUSSION

### A. Subject Matter Jurisdiction

As a preliminary matter, a question of subject matter jurisdiction is presented.

Rule 8 of the Federal Rules of Civil Procedure requires that plaintiffs include in their

pleadings "a short and plain statement of the grounds upon which the court's jurisdiction depends, unless the court already has jurisdiction and the claim needs no new grounds of jurisdiction to support it." FED. R. CIV. P. 8(a)(1). This rule serves to guarantee that federal courts, which are courts of limited jurisdiction, have notice of the jurisdictional basis upon which plaintiffs rest their case.

■ In the case at bar, the Complaint rests jurisdiction upon diversity of citizenship. Plaintiffs are citizens of the State of Pennsylvania, and Scanlon is a citizen of the State of New York. The amount in controversy, moreover, exceeds $75,000. *See* 28 U.S.C.A. § 1332(a)(1). Thus, subject matter jurisdiction is present over the main action under 28 U.S.C. § 1332.

The Third–Party Complaint, by contrast, contains no statement of subject matter jurisdiction. In the third-party defendants' Answer to the Third–Party Complaint, they assert that this Court lacks subject matter jurisdiction over the impleader action. As always, this Court must ensure that subject matter jurisdiction is present over all claims. *See Ametex Fabrics, Inc. v. Just In Materials, Inc.,* 140 F.3d 101, 104 (2d Cir.1998); *Ash v. Artpack Int'l, Inc.,* 1998 WL 132932, at *3 (S.D.N.Y. March 23, 1998).

To begin, subject matter jurisdiction is not present over the Third–Party Complaint by virtue of 28 U.S.C. § 1332. Scanlon and the third-party defendants are both citizens of the State of New York, and accordingly, the requirement of complete diversity is not met. *See* 28 U.S.C.A. § 1332. Furthermore, the Third–Party Complaint does not implicate any federal questions to establish subject matter jurisdiction. *See* 28 U.S.C.A. § 1331.

The statutory doctrine of supplemental jurisdiction, however, saves the day for the Third–Party Complaint. *See* 28 U.S.C.A. § 1367. Section 1367(a) provides that "district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy .... Such supplemental jurisdiction shall include claims that involve the joinder ... of additional parties." 28 U.S.C.A. § 1367(a). Here, the third-party action is part of "the same case or controversy" as the original action. *See* 28 U.S.C.A. § 1367(a); *United Mine Workers of America v. Gibbs,* 383 U.S. 715, 725, 86 S.Ct. 1130, 16 L.Ed.2d 218 (1966). Thus, the umbrella of supplemental jurisdiction extends to this third-party action. *See Gomez v. Preferred Rentals,* 1997 WL 749389, at *1 (S.D.N.Y. 1997).

Though in this case subject matter jurisdiction over the third-party action is proper, the Court emphasizes that the Federal Rules of Civil Procedure are not merely window dressing. When a rule requires an affirmative statement such as the grounds for jurisdiction, litigants like Scanlon should ensure that the appropriate statement appears in their pleading.

## B. The Third-party Defendants' Motion for Summary Judgment

Turning to the motion at hand, the third-party defendants seek summary judgment against Scanlon.

### 1. Standard For Summary Judgment

The standard for summary judgment is well-settled. A party seeking summary judgment must demonstrate that "there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." FED. R. CIV. P. 56(c). The moving party bears the initial burden of "informing the ... court of the basis for its motion, and identifying those portions of 'the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, if any,' which it believes demonstrate the absence of a genuine issue of material fact." *Celotex Corp. v. Catrett,* 477 U.S. 317, 323, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986) (quoting FED. R. CIV. P. 56(c)). The initial burden is to demonstrate "that there is an absence of evidence to support the non-moving party's case." *Id.* at 325, 106 S.Ct. 2548.

The nonmoving party may defeat the summary judgment motion by producing sufficient evidence to establish a genuine issue of material fact for trial. *See id.* at 322, 106 S.Ct. 2548. The test for existence of a genu-

ine dispute is whether a reasonable juror could find for the nonmoving party; that is, whether the nonmovant's case, if proved at trial, would be sufficient to survive a motion for judgment as a matter of law. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250–51, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986).

In ruling on a motion for summary judgment, a court is required to resolve all ambiguities and draw all reasonable inferences in favor of the nonmoving party. *See Donahue v. Windsor Locks Bd. of Fire Comm'rs.*, 834 F.2d 54, 57 (2d Cir.1987). The nonmoving party, however, "must do more than simply show that there is some metaphysical doubt as to material facts." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586, 106 S.Ct. 1348, 89 L.Ed.2d 538 (1986). Indeed, the nonmoving party's opposition may not rest on mere allegations or denials of the moving party's pleading, but "must set forth specific facts showing that there is a genuine issue for trial." FED. R. CIV. P. 56(e). "The non-movant cannot escape summary judgment merely by vaguely asserting the existence of some unspecified disputed material facts, or defeat the motion through mere speculation or conjecture." *Western World Ins. Co. v. Stack Oil, Inc.*, 922 F.2d 118, 121 (2d Cir.1990) (citations and quotations omitted).

### 2. Application of Standard

In this case, the Third–Party Complaint asserts a claim of negligence against the third-party defendants as real property owners. Specifically, the Third–Party Complaint contends that certain trees located on the third-party defendants' property obstructed Scanlon's view of the plaintiffs' vehicle as they backed out of an adjoining property owner's driveway. The Third–Party Complaint also asserts that the third-party defendants may be held liable under the Town of Union Code § 34–2(A).

### (i) Common-law Duty of Care

██ The third-party defendants, in turn, assert that they owed no common-law duty of care to users of the public highway. They are correct.

██ "In order for [Scanlon] to recover damages for negligence, it must be shown that the [third-party defendants] owe[ ] a duty of care to [Scanlon]. Whether a duty exists is for the court to decide.... It is the responsibility of the courts to fix the bounds of duty ..." *Ingenito v. Rosen*, 187 A.D.2d 487, 589 N.Y.S.2d 574, 575–76 (2d Dep't 1992) (citations omitted), *leave to appeal denied*, 81 N.Y.2d 705, 595 N.Y.S.2d 400, 611 N.E.2d 301 (1993). It is firmly established that, under New York law,[1] "there is no common-law duty of a landowner to control the vegetation on his or her property for the benefit of users of a public highway." *Ingenito*, 589 N.Y.S.2d at 575–76 (citing *Krotz v. CSX Corp.*, 115 A.D.2d 310, 496 N.Y.S.2d 190 (4th Dep't 1985)); *see also Picone v. Schlaich*, 667 N.Y.S.2d 57, 57 (2d Dep't 1997); *Cain v. Pappalardo*, 225 A.D.2d 1005, 639 N.Y.S.2d 570, 572 (3d Dep't 1996); *McSweeney v. Rogan*, 209 A.D.2d 386, 618 N.Y.S.2d 430, 430 (2d Dep't 1994); *Barnes v. Stone–Quinn*, 195 A.D.2d 12, 606 N.Y.S.2d 485, 486 (4th Dep't 1993).

In *Ingenito*, the plaintiff-pedestrian was injured by a car that backed out of a driveway. 589 N.Y.S.2d at 575. The plaintiff brought suit against the owners of the adjoining property, arguing that certain hedges on the defendant's property obstructed her view of the car. *Id.* The trial court denied defendant's motion for summary judgment, holding that "there exist[ed] questions of fact as to [the appellant's] conduct with respect to the maintenance and care of [the] hedge[s] and driveway and there [was] a question of foreseeability of risk and attendant duties involved with the driveway." *Id.* The Second Department reversed on appeal, holding that "there is no common-law duty of a landowner to control the vegetation on his or her property for the benefit of users of a public highway." *Id.*

Scanlon attempts to distinguish *Ingenito* and the other cases cited above by asserting

---

1. Federal courts sitting in diversity apply the substantive law of the jurisdiction in which they sit. *Erie R. Co. v. Tompkins*, 304 U.S. 64, 58 S.Ct. 817, 82 L.Ed. 1188 (1938). The appropriate substantive law to apply in the present case is that of the State of New York.

that these cases provide the applicable rule when the obstruction is located wholly on the landowner's private property. By contrast, Scanlon posits that when the obstruction extends into the public right-of-way, a factual question is presented for jury determination whether the obstruction constituted an unreasonable danger for users on the highway.

Scanlon's argument, however, is at odds with the Third Department's decision in *Cain*, 639 N.Y.S.2d at 572. In *Cain*, a motorist ran a stop sign allegedly due to overhanging tree branches that obscured the sign. The *Cain* court held that even when branches overhang into the public right-of-way, there is "no common-law duty [placed on landowners] to control vegetation on their property for the benefit of public highway users." *Id.* Similarly, the Second Department, in *Zawacki v. Town of North Hempstead*, 184 A.D.2d 697, 585 N.Y.S.2d 93, 93–94 (2d Dep't 1992), held that a landowner was not negligent merely by his planting of a tree abutting a public sidewalk, even though the roots of the tree had extended and broke the sidewalk. *See also Picone*, 667 N.Y.S.2d at 57.

In short, the third-party defendants' planted the trees on their property some 38 years prior to the accident. Any portion of the trees that extended into the public right-of-way grew there naturally over time. Thus, as a matter of law, the third-party defendants, as landowners, owed no common-law duty to trim the branches of their trees for the benefit of users of the public highway like Scanlon.

### (ii) Town of Union Ordinance 34–2(A)

■ The third-party defendants next assert that they may not be held liable under Town of Union Ordinance 34–2(A). Again, they are correct.

Section 34–2(A) of the Town of Union Code provides, in pertinent part:

No person . . . shall deposit or otherwise place any dirt, filth, waste, garbage, ashes, refuse, rubbish, sign or other material, substance or obstruction in any street, highway, shoulder of a highway, sidewalk, in the area between the curbline and the street or property line . . . in the Town of Union, . . . or encumber the same by any encroachment of buildings, structures, excavations or otherwise.

TOWN OF UNION CODE, § 34–2(A) (1988). According to Scanlon, the tree branches that overhung onto the public right-of-way constituted "other material" deposited or placed within the terms of the statute. Alternately, she alleges that these branches "encumber" the right-of-way.

The plain meaning of the statute indicates, however, that it does not address the natural growth of plants. Rather, it addresses situations where some party has intentionally deposited material or built an artificial structure along the side of the road. Because the branches in question were not "placed" into the right-of-way in any commonly understood sense, but rather grew naturally until they extended there, this ordinance does not apply.

This conclusion comports with the *Cain* case, wherein the plaintiff contended that tort liability was imposed on the defendant landowners by virtue of Highway Law § 103 (requiring landowners to remove obstructions, including "branches of trees overhanging the highways so as to interfere with public travel therein"). 639 N.Y.S.2d at 572–73. The *Cain* court found that there was no statutory duty on the part of the defendants under § 103 to trim the overhanging foliage, holding that the branches and foliage in question had grown naturally into the public right-of-way, and therefore did not satisfy the "affirmative action" requirement of the statute. *Id.*

The Town of Union Code § 34–2(A), like Highway Law § 103, contemplates an affirmative act on the part of the landowner to establish liability. TOWN OF UNION CODE § 34–2(A). Section 34–2(A) speaks of depositing or otherwise placing, or encumbering, all of which require some action on the part of the alleged violator. *Id.* The mere planting of a tree by the third-party defendants some 38 years ago does not rise to the level of an affirmative act under § 34–2(A).

Thus, as a matter of law, the third-party defendants may not be held liable under Town of Union Code § 34–2(A).

## III. CONCLUSIONS

For the reasons stated above, the Court GRANTS the third-party defendants' motion for summary judgment, thereby dismissing the third-party action in its entirety.

**IT IS SO ORDERED.**