■ CHRISTOPHER WEITZ et al., Plaintiffs, v STEVE P. McMAHON, Defendant, and TOWN OF BROOKHAVEN, Defendant and Third-Party Plaintiff-Respondent. MARTIN KRENZA et al., Third-Party Defendants-Appellants. [676 NYS2d 212] —In an action to recover damages for personal injuries, etc., the third-party defendants, Martin Krenza and Michelle Krenza, appeal from an order of the Supreme Court, Suffolk County (Doyle, J.), dated October 6, 1997, which denied their motion for summary judgment dismissing the third-party complaint.

Ordered that the order is reversed, on the law, with costs, and the motion is granted.

The plaintiffs alleged that the injuries sustained by the plaintiff driver in a collision with the defendant Steve Patrick McMahon at an intersection in the Town of Brookhaven were caused, in part, when McMahon drove through a stop sign because the sign was obscured by overhanging branches and foliage. The Town of Brookhaven commenced a third-party action against Martin Krenza and Michelle Krenza, the owners of the premises located at the corner of the intersection where the stop sign is located. The Krenzas moved for summary judgment, contending that they did not own the strip of land on which the stop sign was located and that they do not maintain the trees and shrubs which allegedly obscured the stop sign. The Supreme Court denied the motion. We reverse.

"[T]here is no common-law duty of a landowner to control the vegetation on his or her property for the benefit of users of a public highway" (*Ingenito v Robert M. Rosen, P. C.,* 187 AD2d 487, 488; *see also, Cain v Pappalardo,* 225 AD2d 1005, 1006; *Barnes v Stone-Quinn,* 195 AD2d 12, 14). Therefore, even if the Krenzas owned the strip of land on which the stop sign was located, the Krenzas had no common-law duty to control the vegetation on the property for the benefit of users of the public street. In addition, the Town failed to cite any ordinances or statutes which would impose a duty on the Krenzas to control the vegetation near the stop sign (*see, Barnes v Stone-Quinn, supra,* at 14-15). Accordingly, the Krenzas were entitled to judgment as a matter of law.

Furthermore, if the Town of Brookhaven owns the strip of land on which the stop sign is located, as alleged by the Kren-

zas, the Krenzas still would be entitled to summary judgment since they have established that they did not create the defective condition which caused the injury, that the public property was not constructed in a special manner for their benefit, and that they did not negligently construct or repair the public property (*see, Giroux v Snedecor,* 178 AD2d 802, 803). Rosenblatt, J. P., Sullivan, Joy, Altman and Luciano, JJ., concur.