■ KEVIN KOLKMEYER, JR., et al., Appellants, v WESTHAMPTON TAXI & LIMO SERVICE et al., Defendants, and SALVATORE DESIMONE et al., Respondents. [690 NYS2d 675] —In an action to recover damages for personal injuries, etc., the plaintiffs appeal, as limited by their brief, from so much of a judgment of the Supreme Court, Suffolk County (Cannavo, J.), entered March 25, 1998, as, upon granting the motion of the defendants Salvatore DeSimone and Mary DeSimone made at the close of the plaintiffs' case to dismiss the complaint insofar as asserted against them for failure to prove a prima facie case, dismissed the complaint insofar as asserted against those defendants.

Ordered that the judgment is affirmed, with costs.

The infant plaintiff was struck, while riding his bicycle in the Town of Brookhaven, by a vehicle owned by the defendant Westhampton Taxi & Limo Service and driven by the defendant Paul Jahrmarkt. The intersection in which the accident occurred was abutted by land owned by the defendants Salvatore DeSimone and Mary DeSimone. The plaintiffs claimed

that the DeSimones, by allowing certain bushes to overgrow near the intersection, created a dangerous condition which caused or contributed to the accident. A trial was held in January 1998.

We agree with the trial court's dismissal of the complaint insofar as asserted against the DeSimones for failure to prove a prima facie case. Contrary to the plaintiffs' contention, "there is no common-law duty of a landowner to control the vegetation on his or her property for the benefit of users of a public highway" (*Ingenito v Robert M. Rosen, P. C.,* 187 AD2d 487, 488; *see also, Weitz v McMahon,* 252 AD2d 581; *Cain v Pappalardo,* 225 AD2d 1005, 1006; *Barnes v Stone-Quinn,* 195 AD2d 12, 14).

The plaintiffs' claim that the trial court erred by refusing to present to the jury the issue of whether the DeSimones could be held liable for violating Highway Law § 319 is raised for the first time on appeal and, therefore, is unpreserved for appellate review (*see, Jenkins v Meredith Ave. Assocs.,* 238 AD2d 477, 479; *Charles v City of New York,* 227 AD2d 429, 430). In any event, the plaintiffs' claim is without merit. Where, as here, the alleged obstruction consisted of only bushes and hedges, Highway Law § 319 is inapplicable (*see, Sansone v Lake,* 124 AD2d 990, 991).

In addition, the trial court did not err by refusing to take judicial notice of Brookhaven Town Ordinance § 85-378. The plaintiffs failed to cite the ordinance in any pleading and waited until both sides had rested to request that the trial court take judicial notice of the ordinance (*see,* CPLR 4511 [b]; *Shepardson v Town of Schodack,* 83 NY2d 894). Mangano, P. J., Friedmann, McGinity and Feuerstein, JJ., concur.