Glenna **RICHARDS**, Plaintiff(s),

v.

**UNITED STATES of America,**
**Defendant(s).**

No. 98 Civ. 8076(JES).

United States District Court,
S.D. New York.

Oct. 26, 2001.

---

Morton Alpert, of Counsel, Alpert & Kaufman, New York, NY, for Plaintiff.

Mary Jo White, United States Attorney for the Southern District of New York, Nicole L. Gueron, Assistant United States Attorney, of Counsel, New York, NY, for Defendant.

### MEMORANDUM OPINION
### AND ORDER

SPRIZZO, District Judge.

Plaintiff Glenna Richards ("plaintiff" or "Ms. Richards") brings the above-captioned action against the United States of America ("defendant" or "the Government") pursuant to the Federal Tort Claims Act ("FTCA") for personal injuries sustained when plaintiff slipped on stairs outside the United States Post Office located at 217–221 East 70th Street in Manhattan ("the Lenox Hill post office" or "the post office"). Following the completion of discovery, the Court conducted a two (2) day bench trial which concluded on May 16, 2001. At the end of above-described trial, the Court made preliminary findings on the record. The Court found that, pending further submissions by the parties on New York State common law, defendant was not negligent. As an alternative finding made for the benefit of future appellate review, the Court found that even if the Government had been negligent with

respect to maintaining the stairs in question, plaintiff had only proven between $20,000 and $25,000 in damages for past pain and suffering. Pursuant to the Court's direction, the parties submitted letter briefs addressing New York State common law on the question of whether the coefficient of friction found on the stairs in question—which according to plaintiff proved that the stairs were unacceptably slippery—could alone provide a sufficient basis for finding defendant negligent. The Court, having considered such letter briefs and the record as a whole, now finds, for the reasons stated both herein and on the record at the above-described trial, that defendant was not negligent and that even if the Government were negligent, plaintiff has only sustained damages of $25,000 for past pain and suffering.

## BACKGROUND

On the morning of December 11, 1996, plaintiff twice entered and exited the Lenox Hill post office using the so-called Second Avenue stairway ("the stairway").[1] It had rained that morning, but, by the time plaintiff slipped on the stairway while exiting the post office for the second time, there was only a heavy mist. The accident occurred when plaintiff slipped on the first step below the stairway landing and then held on to the bannister to keep from falling down. As a result of this slip, plaintiff sustained a broken left ankle that required plaintiff to wear a cast for six (6) weeks and to then wear a removable plastic walker for a few weeks, followed by a brief period of physical therapy. Testimony at trial established that duct tape which was later found on the stairway bannister had not been on the bannister at the time of plaintiff's accident. Testimony further

established that plaintiff heard a "popping" sound as her ankle rolled and that she grabbed the stairway bannister only after she heard this noise. Finally, plaintiff also presented an expert witness who testified that he believed: (1) the bannister was too wide; (2) the first and second steps after the landing had an irregular geometry that could cause an accident by giving a person a false expectation of where to step; and (3) the stairway's excessively low coefficient of friction made the stairway particularly slippery.

## DISCUSSION

The Court finds that the Government is not negligent and did not and could not have caused plaintiff's injury. First, as the Court noted on the record at trial, neither the alleged irregularities in the stair geometry nor the supposedly defective bannister could have caused plaintiff's injury. With respect to stair geometry, because plaintiff claims that she slipped on the first stair down from the landing, the irregularities between that stair and the next one down could not have caused the accident. The condition of the bannister is also irrelevant because, whether it was too wide or simply broken, plaintiff's testimony establishes that her ankle "popped"—and thus presumably broke—prior to her grabbing on to the bannister. Accordingly, and again as the Court noted on the record at trial, only the supposedly low coefficient of friction could have played any part in causing plaintiff's injury.

The Court asked plaintiff to cite a case holding that a low coefficient of friction alone could form the basis of a common law negligence action in the State of New York. Plaintiff has not cited such a

---

1. Unless otherwise indicated, all facts cited herein derive from the testimony and exhibits presented at the above-described bench trial and can be found in the record of such trial.

case, and the Court found no such case. Accordingly, the Court concludes that a slippery stairway—that is, one with a low coefficient of friction—cannot alone form the basis for a negligence claim against a property owner. Indeed, as at least one other court addressing this issue has stated, under the law of the State of New York, "the mere fact that [a surface] is slippery, in the absence of some other specific hazard or dangerous condition, is not sufficient, as a matter of law, to support a claim of negligence." *Byrne v. Madison Square Garden Corp.*, 96 Civ. 4108, 1998 WL 567784, at \*2 (S.D.N.Y. Sept. 4, 1998) (citing cases rejecting the notion that slipperiness alone can form the basis for a negligence claim), *aff'd* 189 F.3d 460, 1999 WL 505959 (2d Cir.1999).

 Moreover, although plaintiff emphasizes that the New York State building code requires that property owners provide nonslip surfaces for stair treads and landings, plaintiff cites no New York authority which holds that a failure to so provide a nonslip surface constitutes negligence per se. In fact, even assuming defendant somehow violated the New York State building code by failing to provide a non-slip surface on the stairway, such a failure is not negligence per se under New York law but is only evidence of negligence that the fact-finder may consider and weigh in its deliberations. *See, e.g., Barnes v. Stone–Quinn*, 195 A.D.2d 12, 606 N.Y.S.2d 485, 487 (App.Div. 4th Dept. 1993). However, considering all of the evidence in this case, the Court finds that such violation, if any, is insufficient to establish the Government's liability. Perhaps Judge Keenan best explained why the Government is not liable for accidents in circumstances like those present here when he observed in an analogous FTCA case:

> [A] proprietor's duty ... does not extend to obvious dangers [because] [e]v-

eryone knows that, when people are entering any building when it is raining, they will carry some moisture on their feet, which will render the floor near the door on the inside damp to some extent, and everyone knows that a damp floor is likely to be a little more slippery than a dry floor.... It is not the duty of persons in control of such buildings to keep a large force of moppers to mop up the rain as fast as it falls or blows in ... for several very good reasons, all so obvious that it is wholly unnecessary to mention them here in detail.

*Holland v. United States*, 918 F.Supp. 87, 90 (S.D.N.Y.1996) (dismissing FTCA action brought by person who slipped and fell on post office floor) (internal citations and quotations omitted). Just as the Government has no obligation to enlist an army of moppers inside a post office during rainy weather, it is not required to assemble a brigade of outdoor stairway patrolmen to keep the stairways outside the post office dry at all times.

 Additionally, it is undisputed that plaintiff had ascended and descended the stairway hundreds of times prior to her 1996 injury—including three (3) times on the morning of the accident—and was aware of the tendency, which she also witnessed firsthand that day, of water to form puddles on the stairway when it rained. Clearly then, plaintiff knew of this potential danger and had always been able to avoid it until she broke her ankle on December 11, 1996. Under the law of New York, which the Court must follow when considering an FTCA claim, plaintiff's knowledge of this obvious danger precludes a finding of Government liability. *See, e.g., Binensztok v. Marshall Stores*, 228 A.D.2d 534, 644 N.Y.S.2d 333, 334 (App.Div.2d Dept.1996). The Court therefore dismisses plaintiff's FTCA claim.

Finally, for the reasons stated on the record at trial, the Court finds that the

medical testimony and other evidence plaintiff presented fail to establish that she suffers from any present limitations because of the 1996 accident or that she is likely to suffer any such limitations in the future. Accordingly, as an alternative finding made for the benefit of appellate review, the Court finds that even if plaintiff had established defendant's liability, she would at best be entitled to $25,000 in damages for past pain and suffering.

## CONCLUSION

For the foregoing reasons, plaintiff's claim for damages against the Government shall be and is hereby dismissed with prejudice. The Clerk of the Court is hereby directed to close the above-captioned action.

It is **SO ORDERED**