■ SAMUEL R. ECHORST, an Infant, by LEILA E. ECHORST, et al., His Parents and Guardians, et al., Appellants, v PATRICIA A. KAIM et al., Defendants, and RALPH BARTON et al., Respondents. [732 NYS2d 285] —Rose, J. Appeal from an order of the Supreme Court (Monserrate, J.), entered July 28, 2000 in Broome County, which granted a motion by defendants Ralph Barton and Wendy Glazier for summary judgment dismissing the complaint against them.

Plaintiff Samuel R. Echorst (hereinafter the child) rode his bicycle on a public sidewalk into the side of a car exiting a driveway on property owned by defendants Ralph Barton and Wendy Glazier (hereinafter collectively referred to as defendants). The presence of a 48-inch-high fence along defendants' property line allegedly contributed to the accident by obstructing the views of the child and the driver of the car, and formed the basis of this resulting action against defendants. After joinder of issue and discovery, defendants moved for summary judgment asserting that they owed no duty to plaintiff. Supreme Court granted summary judgment dismissing the action as against defendants and plaintiffs appeal, arguing that defendants owed a duty of care to bicyclers to prevent their fence from obstructing the view of and from the sidewalk.

While "[t]he existence and scope of a tortfeasor's duty is * * * a legal question for the courts" (*532 Madison Ave. Gourmet Foods v Finlandia Ctr.*, 96 NY2d 280, 288; *see, Eiseman v State of New York*, 70 NY2d 175, 187), foreseeability usually presents a factual question and "merely determines the scope of the duty once it is determined to exist" (*Hamilton v Beretta U.S.A. Corp.*, 96 NY2d 222, 232; *see, Pulka v Edelman*, 40 NY2d 781, 785). Where, as here, obstructing objects are located on private property abutting a public way, the landowner has no duty to users of the public way and liability does not attach as a matter of law (*see, Hayes v Malkan*, 26 NY2d 295, 298-299; *Kolkmeyer v Westhampton Taxi & Limo Serv.*, 261 AD2d 587, 588). Public policy dictates this result to avoid placing an "intolerable burden" on private property owners who would be required to "remove every tree, fence, post, mailbox or name sign located on his [or her] property in the vicinity" of a public way (*Hayes v Malkan, supra*, at 299).

Defendants' fence here is a condition on private property comparable to similarly placed vegetation in cases holding that no duty arises despite its obstruction of the view of those on a public sidewalk or highway (*see, e.g., Kolkmeyer v Westhampton Taxi & Limo Serv., supra*, at 588). In such instances, the private landowner owes no duty to protect pedestrians or bicycle riders from such hazards (*see, id.*, at 588; *Ingenito v Robert M. Rosen, P. C.*, 187 AD2d 487, 488, *lv denied* 81 NY2d 705; *see also, Hayes v Malkan, supra*, at 298-299). The fact that injury to such users may be foreseeable is of no moment here because plaintiffs failed to establish the existence of a duty owed to the child. Accordingly, Supreme Court did not err by granting summary judgment to defendants.

Cardona, P. J., Crew III, Carpinello and Mugglin, JJ., concur. Ordered that the order is affirmed, with costs.