■ RENEE GITTERMAN, Respondent, v CITY OF NEW YORK, Defendant, and CHURCH OF ST. MARGARET, Appellant. [751 NYS2d 478] —Order, Supreme Court, Bronx County (Paul Vic-

tor, J.), entered April 30, 2001, which denied the motion of defendant-appellant The Church of St. Margaret for summary judgment, unanimously reversed, on the law, without costs, the motion granted and the complaint dismissed as against defendant-appellant. The Clerk is directed to enter judgment in favor of defendant-appellant dismissing the complaint as against it.

In this action for personal injuries, plaintiff alleges that she tripped and fell over an area of a sidewalk that had been raised two inches by the roots of a tree located on the defendant Church's property. After issue was joined, the Church moved for summary judgment arguing that it was not liable for injuries resulting from plaintiff's fall on a public sidewalk because it did not cause or create the defective condition, nor did it utilize the sidewalk for a special purpose. The pastor of the Church submitted an affidavit stating that the Church did not maintain the tree roots in issue, and that it did not make special use of, nor make any repairs to, the area of the sidewalk where plaintiff fell.

Plaintiff opposed the motion, arguing that the Church had failed to properly maintain the trees on its property by allowing the roots to cause the sidewalk to become dangerously uneven. Plaintiff submitted an affidavit of a registered architect, who stated that the raised section of the sidewalk was caused by upward pressure from the tree roots originating from the Church's property, and that the Church was negligent in failing to take steps to prevent or correct the condition.

The Church's motion for summary judgment should have been granted. The general rule is that "liability for injuries sustained as a result of negligent maintenance of or the existence of dangerous and defective conditions to public sidewalks is placed on the municipality and not the abutting landowner [citations omitted]." (*Hausser v Giunta*, 88 NY2d 449, 452-453.) " '[T]he owner or lessee of land abutting a public sidewalk owes no duty to the public to keep the sidewalk in a safe condition unless the landowner or lessee creates a defective condition in the sidewalk or uses it for a special purpose.' " (*Miller v City of New York*, 253 AD2d 394, 395, quoting *Otero v City of New York*, 213 AD2d 339, 339-340.)

Plaintiff has failed to raise a triable issue of fact as to whether the Church created the defective condition or made special use of the sidewalk. The Church submitted admissible evidence that it did not maintain the tree roots in issue nor the area of the sidewalk where plaintiff fell. Although plaintiff contends that the failure to maintain the tree roots itself con-

stituted negligence, the law is to the contrary. "It is well settled that an abutting landowner is not responsible for damage caused to a sidewalk by the roots of a tree [citations omitted]." (*Gomez v City of New York*, 238 AD2d 472, 472.) This rule applies even where the owner plants the tree in question, as "the mere planting of a curbside tree does not in itself constitute an act of affirmative negligence." (*Picone v Schlaich*, 245 AD2d 555, 556, citing *Zawacki v Town of N. Hempstead*, 184 AD2d 697.) In light of the above authority, plaintiff's argument that a different result is required here because the tree was on the Church's property is unavailing.

As plaintiff has failed to raise an issue of fact as to whether the Church created a defective condition on the sidewalk by an affirmative act of negligence, the Church's motion for summary judgment should have been granted. Concur—Andrias, J.P., Rosenberger, Wallach, Rubin and Gonzalez, JJ.