■ CRAIG CLEMENTONI, Respondent, v CONSOLIDATED RAIL CORPORATION, Also Known as CONRAIL, et al., Defendants, and PAUL SKOWRON, as Voluntary Administrator of the Estate of RAYMOND SKOWRON, Deceased, et al., Appellants. [817 NYS2d 474]—

Appeals from an order of the Supreme Court, Erie County (Joseph R. Glownia, J.), entered July 7, 2005. The order denied the motions of defendants Paul Skowron, as voluntary administrator of the estate of Raymond Skowron, deceased, and Harold M. Gardner and Patricia Gardner for summary judgment dismissing the complaint and cross claims against them.

It is hereby ordered that the order so appealed from be and the same hereby is reversed on the law without costs, the motions are granted, and the complaint and cross claims against defendants Paul Skowron, as voluntary administrator of the estate of Raymond Skowron, deceased, and Harold M. Gardner and Patricia Gardner are dismissed.

Memorandum: Plaintiff commenced this action to recover damages for injuries he sustained when his vehicle collided with a train. The accident occurred at the grade crossing of railroad tracks and a private road owned by Raymond and Gertrude Skowron, each of whom is now deceased. By a consent order, defendant Paul Skowron was substituted as party defendant for both decedents as voluntary administrator of the estate of

Raymond Skowron, "Gertrude Skowron having not left an estate." Defendants Harold M. Gardner and Patricia Gardner own property abutting the railroad tracks and the private road.

Supreme Court erred in denying the motions of Paul Skowron and the Gardners seeking summary judgment dismissing the complaint and cross claims against them on the ground that decedents and the Gardners owed no duty to warn or protect plaintiff from the allegedly dangerous condition of the railroad crossing. "It is well established that before a defendant may be held liable for negligence it must be shown that the defendant owes a duty to the plaintiff . . . . In the absence of duty, there is no breach and without a breach there is no liability" (*Pulka v Edelman*, 40 NY2d 781, 782 [1976], *rearg denied* 41 NY2d 901 [1977]; *see Sanchez v State of New York*, 99 NY2d 247, 252 [2002]). Further, "[t]he existence and scope of an alleged tortfeasor's duty is, in the first instance, a legal question for determination by the courts" (*Sanchez*, 99 NY2d at 252, citing *Di Ponzio v Riordan*, 89 NY2d 578, 583 [1997]; *see Sheila C. v Povich*, 11 AD3d 120, 125-126 [2004]).

With respect to the motion of Paul Skowron, we reject plaintiff's contention that decedents had a duty to control the railroad crossing by erecting gates or other devices to warn of the approach of a train (*see Ludlam v Guilford Transp. Indus.*, 145 AD2d 860, 862 [1988], *lv denied in part and dismissed in part* 74 NY2d 733 [1989]; *cf.* Railroad Law § 53). Even assuming, arguendo, that decedents had a duty to erect a sign warning the users of the private road owned by decedents of the presence of the railroad crossing (*see generally* § 53-a), we conclude on the record before us that the failure to erect such a sign was not a proximate cause of the accident as a matter of law. Plaintiff testified at his deposition that he was aware of the railroad crossing, having passed over it on three prior occasions that day. He also testified that, just before the accident, he approached the railroad crossing at a speed of five miles per hour, stopped approximately 20 to 25 feet short of the railroad crossing, and looked in both directions along the railroad tracks before proceeding onto the tracks. "Under these circumstances, . . . plaintiff's awareness of the [railroad tracks] eliminated the absence of warning signs as a proximate cause of the accident" (*Gattone v Conlan*, 299 AD2d 394, 394-395 [2002]; *see Applebee v State of New York*, 308 NY 502, 507-508 [1955]; *Howard v Tylutki*, 305 AD2d 907, 908 [2003]; *Gilberto v Town of Plattekill*, 279 AD2d 863, 864-865 [2001], *lv denied* 96 NY2d 710 [2001]; *see also Atkinson v County of Oneida*, 59 NY2d 840, 841-842 [1983], *rearg denied* 60 NY2d 587 [1983]).

With respect to the motion of the Gardners, we reject plaintiff's contention that they may be held liable for causing or allowing trees and other vegetation on their property to obstruct a person's view of an oncoming train at the railroad crossing. It is well established that "there is no common-law duty imposed upon owners or occupiers of land to control vegetation on their property for the benefit of users of a public highway" (*Barnes v Stone-Quinn*, 195 AD2d 12, 14 [1993]; *see Krotz v CSX Corp.*, 115 AD2d 310 [1985]; *see also Kolkmeyer v Westhampton Taxi & Limo Serv.*, 261 AD2d 587, 588 [1999]; *Ingenito v Robert M. Rosen, P.C.*, 187 AD2d 487, 488 [1992], *lv denied* 81 NY2d 705 [1993]). In our view, the same rule applies where, as here, the allegedly obstructed "highway" is a private road not owned by the abutting property owners.

We therefore reverse the order, grant the motions of Paul Skowron and the Gardners, and dismiss the complaint and cross claims against them.

All concur except Gorski and Green, JJ., who dissent and vote to affirm in the following memorandum.

· Gorski and Green, JJ. (dissenting). We respectfully dissent. It is the position of the majority that the respective motions for summary judgment dismissing the complaint and cross claims should have been granted on the ground that Raymond and Gertrude Skowron and defendants Harold M. Gardner and Patricia Gardner owed no duty of care to plaintiff as a matter of law. In our view, however, the unusual circumstances of this case support the conclusion that decedents and the Gardners owed a duty of care to plaintiff. With respect to decedents, we note that they owned and maintained the private road that crossed the railroad tracks, and the private road was the only means of access to their property. We recognize that, as a general rule, a landowner is not liable for injuries resulting from a dangerous condition on adjoining property unless the landowner caused or contributed to that condition (*see Galindo v Town of Clarkstown*, 2 NY3d 633, 636 [2004]; *Cleary v Harris Hill Golf Ctr., Inc.*, 23 AD3d 1142 [2005]). Here, however, plaintiff submitted evidence that decedents were aware of the dangerous condition of the railroad crossing, and the general rule of nonliability for adjoining landowners does "not exclude the possibility that some dangers from neighboring property might be so clearly known to the landowner, though not open or obvious to others, that a duty to warn would arise" (*Galindo*, 2 NY3d at 637). There is at least an issue of fact whether such a danger existed here. Further, the rationale for the general rule of nonliability for adjoining landowners, i.e., that "a person who lacks owner-

ship or control of property cannot fairly be held accountable for injuries resulting from a hazard on the [neighboring] property" (*id.* at 636), has no easy application here. Because the road crossing the railroad tracks is a private rather than a public road, decedents were the only ones in a position to warn of the danger. Had the railroad tracks crossed a public road, it would have been the duty of the municipality or, "in case of state highways the department of transportation," to post warnings (Railroad Law § 53-a; *see Miller v Tuxedo Park Assn.*, 101 AD2d 811 [1984]). Here, however, "only the [decedents were] in a position to remedy the dangerous condition" by providing a warning (*Barnes v Stone-Quinn*, 195 AD2d 12, 15 [1993]). Unlike the majority, moreover, we cannot conclude that as a matter of law the absence of such a warning was not a proximate cause of the accident because plaintiff was aware of the railroad tracks. The evidence in the record before us does not establish as a matter of law that plaintiff's conduct would have been the same had a warning been provided (*see Boyd v Trent*, 262 AD2d 260 [1999]). We therefore conclude that Supreme Court properly denied the motion of defendant Paul Skowron for summary judgment dismissing the complaint and cross claims against him.

With respect to the Gardners, we agree with the majority that there is no common-law duty imposed upon landowners to control vegetation for the benefit of those using a public highway (*see Echorst v Kaim*, 288 AD2d 595, 596 [2001]). In the case of vegetation at the intersection of public highways, that duty generally belongs to "the State or the municipality, not the abutting landowners" (*Hayes v Malkan*, 26 NY2d 295, 299 [1970], *rearg denied* 27 NY2d 737 [1970]) and, in the case of rail lines intersecting a public highway, that duty generally belongs to the railroad company (*see* Railroad Law § 53-a; *Miller*, 101 AD2d 811 [1984]). Here, however, plaintiff alleges that the hazardous condition at the crossing was created in part by a condition on the property of the Gardners that only they were in a position to remedy, and he submitted evidence that the Gardners were aware of that hazardous condition (*see Barnes*, 195 AD2d at 15-16; *see generally Gayden v City of Rochester*, 148 AD2d 975 [1989]; PJI 2:110 [2006]). We therefore conclude that the court properly denied the motion of the Gardners for summary judgment dismissing the complaint and cross claims against them. Present—Hurlbutt, J.P., Gorski, Martoche, Smith and Green, JJ.